### 61539. WALKER v. THE STATE.

POPE, Judge.

Jerry Lynwood Walker was indicted on a charge of armed robbery but was convicted of robbery by intimidation. Following publication of the verdict, appellant requested that the jury be polled individually. Upon each juror being asked if the verdict published were his verdict, all responded affirmatively save one who announced that he was not sure. Appellant moved for a mistrial; the state requested that the jury be allowed to return to the jury room to deliberate the verdict further. The trial court overruled appellant's motion for mistrial and instructed the jury as follows: "Ladies and Gentlemen of the Jury, you have been in the trial of this case for the best part of the day. I'm going to ask you to go back into the jury room and to further deliberate to determine that this is your verdict. If it is not, then of course, you would have a hung jury, and we would not be able to have a verdict in the case. But, I am going to ask you to return to the jury room and further deliberate on this matter." The jury later returned a verdict of guilty of robbery by intimidation and unanimously affirmed that verdict upon being polled.

1. Appellant contends that the trial court erred in overruling his motion for mistrial. This contention is without merit. "Under the circumstances, a motion for mistrial was not the appropriate remedy, and the court did not err in not granting it. The proper motion [is] that the verdict be not received and the jury be directed to retire to their room for further deliberation on the case." *Macon R. & Light*

*Co. v. Barnes,* 121 Ga. 443, 449 (49 SE 282) (1904); *Hinton v. State,* 223 Ga. 174 (4) (154 SE2d 246) (1967), rev'd on other grounds sub nom. Anderson v. Georgia, 390 U. S. 206 (88 SC 902, 19 LE2d 1039) (1968). The trial court correctly followed this procedure.

2. Appellant also enumerates as error the charge set forth above which directed the jury to further deliberate their verdict. Appellant contends that this charge failed to caution the jurors against surrendering an opinion because of an honest difference of opinion with another juror for the sake of reaching a unanimous verdict. This contention has been decided adversely to appellant in *Wilson v. State,* 145 Ga. App. 315 (4c) (244 SE2d 355) (1978).

Appellant also contends that the charge "expresses the opinion of the Court that a hung jury should not be had in this case." In *Yancy v. State,* 173 Ga. 685 (5) (160 SE 867) (1931), the following language was given by the trial court after the jury had deliberated for several hours: "I call your attention to the fact that mistrials are a serious matter, and in many cases hinder justice." *Id.* at 690. The Supreme Court held that such language "in no way intimated what verdict ought to be rendered by the jury in this case. . . . The trial judge may properly admonish the jury as to the propriety and importance of agreeing on a verdict, and may urge them to make every effort to harmonize their views and to agree on a verdict consistent with their consciences, care being taken not to suggest what verdict is proper, or to give instructions having a tendency to coerce the jury into agreeing on a verdict, or inviting them to disagree. The judge may urge, as reasons for agreeing on a verdict the time and expenses involved in the trial, and the time and expense which a new trial will entail." *Id.* at 692. In our view, the charge of the trial court in the case sub judice did not intimate or express any opinion as to the propriety of any particular verdict, nor did it tend to coerce any particular group of jurors to agree with the others. See *Spaulding v. State,* 232 Ga. 411 (4) (207 SE2d 43) (1974); *Hyde v. State,* 196 Ga. 475 (8) (26 SE2d 744) (1943). Moreover, in his initial instructions to the jury, the trial court charged verbatim from the criminal pattern jury instructions as set forth and approved in *Foster v. State,* 240 Ga. 858 (3) (242 SE2d 600) (1978). Therefore, this enumeration of error has no merit.

3. Appellant enumerates as error the denial of his motion for new trial in which he challenged the sufficiency of the evidence to support the verdict. However, since this enumeration is not supported by either argument or citation of authority, we deem it to have been abandoned. Court of Appeals Rule 15(c) (2) (Code Ann. § 24-3615 (c) (2)).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 24, 1981.

*Percy J. Blount,* for appellant.
*Sam B. Sibley Jr., District Attorney, W. Leon Barfield, Assistant District Attorney,* for appellee.