## 67447. BANKS v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction of aggravated assault on a police officer in violation of OCGA § 16-5-21 (Code Ann. § 26-1302). *Held:*

1. Defendant was indicted for kidnapping his wife (count 1), and three counts of aggravated assault by striking with a ceramic statue. The wife was the alleged victim of count 2, a Mrs. Benton the victim of count 3, and the police officer the victim of count 4. The jury's verdict acquitted defendant of the kidnapping and assault on the wife and found him guilty but mentally ill of the lesser offense of simple assault on Mrs. Benton, and guilty but mentally ill of aggravated assault on the police officer. Before sentencing the state entered a nolle prosequi on count 3 and defendant was sentenced on count 4 only.

Defendant contends that the verdict of guilty of aggravated assault on the police officer was inconsistent with the verdicts of acquittal of counts 1 and 2, and the verdict of guilty but mentally ill of simple assault on Mrs. Benton.

We find no inconsistency between the acquittals and the conviction, as " '[a] jury in arriving at a conclusion upon disputed issues of fact may believe a part of the testimony of a witness or witnesses, and reject another part thereof, it being their duty to ascertain the truth of the case from the opinion they entertain of all the evidence submitted for their consideration.' [Cit.]" *Frazier v. State,* 152 Ga. App. 743 (1) (264 SE2d 35).

Defendant argues that the guilty findings of simple assault on one victim and aggravated assault on the other by use of the same means, striking with the ceramic statue, is necessarily inconsistent because the same means could not be considered an offensive or deadly weapon as to one victim and not to the other. We do not agree.

A ceramic statue is not per se an offensive or deadly weapon, just as many other things are not. "The term offensive weapon as used in Code Ann. § 26-1902 [now OCGA § 16-8-41] includes not only weapons which are offensive per se (such as firearms loaded with live ammunition), but also other instrumentalities not normally considered to be offensive weapons per se which may be found by a jury to be likely to produce death or great bodily injury depending on

the manner and means of their use." *Meminger v. State,* 160 Ga. App. 509 (2) (287 SE2d 296), reversed on other grounds 249 Ga. 561 (292 SE2d 681).

"[W]hether the instrument used constitutes a deadly (or offensive) weapon is properly for the jury's determination." *Quarles v. State,* 130 Ga. App. 756 (2), 757 (204 SE2d 467).

From the evidence the jury could have found that the ceramic statue was not used against Mrs. Benton in a manner likely to produce death or great bodily injury, but was so used on the police officer. That being so there was no inconsistency between the verdicts on counts 3 and 4. "Where evidence is consistent with two different explanations, one of which will sustain the verdict and one render it inconsistent, this court will infer that the jury adopted that explanation consistent with its findings. [Cits.]" *Fullwood v. State,* 128 Ga. App. 772 (2), 773 (197 SE2d 858).

2. After the jury had deliberated for some time, the trial court apparently received an indication that the jury was divided on a verdict. The court called the jury into the courtroom and inquired what their numerical division was. The foreperson stated it was eleven to one. The court thereupon gave the Allen charge. The jury resumed deliberations for the remainder of that day, was recessed for the night and continued deliberations the following day until it arrived at a verdict.

Contrary to defendant's assertion we do not find that inquiring of the jury their numerical division and the giving of the Allen charge deprived defendant of his right to a fair and impartial jury.

"A trial court may, after the jury has had a case under consideration and indicates that it is unable to agree on a verdict, inquire how the jury stands numerically. [Cits.]" *Muhammad v. State,* 243 Ga. 404 (4), 407 (254 SE2d 356).

"As to giving the Allen charge after only two hours, we have held: 'The decision of whether to give a jury in disagreement the "Allen" charge is generally left in the discretion of the trial judge.' [Cit.]" *Griner v. State,* 162 Ga. App. 207 (3), 210 (291 SE2d 76).

There was no abuse of discretion in this case.

3. Error is enumerated because the trial court failed to give defendant's requested charge on mistake of fact. The claimed mistake was that defendant heard his wife screaming "kill, kill, kill," which he construed to be a threat on his life and caused him to pick up the statue to defend himself. The jury was charged on self-defense.

It is not error to fail to give a charge on mistake of fact when the evidence claimed to be a mistake of fact raises the defense of self-defense and a charge on self-defense is given. *Shelton v. State,* 161 Ga.

App. 524 (1) (289 SE2d 768); *Ellison v. State,* 158 Ga. App. 419 (1) (280 SE2d 371).

4. The fourth enumeration has no merit. "Because the sentence was within the limits authorized by law and was lawfully imposed, this court is not authorized to modify it. [Cit.]" *Pruitt v. State,* 164 Ga. App. 247 (5), 250 (296 SE2d 795).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 4, 1984 —
REHEARING DENIED JANUARY 30, 1984 —

*John A. Pickens,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jerry W. Baxter, Richard E. Hicks, Assistant District Attorneys,* for appellee.