## 74067. CURTIS v. THE STATE.
(357 SE2d 849)

CARLEY, Judge.

Appellant was indicted for rape, aggravated sodomy, and burglary. He was tried before a jury and guilty verdicts were returned as to all three crimes. Appellant's motion for new trial was denied and he appeals from the judgments of conviction and sentences entered on the jury's verdicts.

1. Appellant enumerates as error the admission into evidence of his in-court identification by the victim. The contention is that the in-court identification testimony was the product of an impermissibly suggestive pre-trial identification procedure.

The evidence shows that, after the victim had been assaulted in her home, she escaped when her intoxicated assailant fell asleep. The

victim telephoned the police from a neighbor's house. When the police arrived, they discovered appellant in the living room of the victim's home. He was nude, intoxicated and asleep. He was arrested at that time. Several days later, the victim told the officers that she thought that she knew the man who had been arrested. The victim was then shown a photograph of appellant and, from the photograph, she identified him as someone who had previously lived in the house across the street from hers.

On this evidence, the only pre-trial identification of appellant took place in the victim's home when, acting on the victim's outcry, police officers arrested appellant almost immediately after the commission of the crimes. This identification did not occur as the result of any identification procedure conducted by the State. "In cases involving [line-ups and show-ups], an accused, already under suspicion by the state, is confronted by his accuser under conditions controlled by the state. In these circumstances the potential for improper and prejudicial influence by the state exists, and standards of due process require that the identification procedures not be impermissibly suggestive. [Cits.] In this case, however, the identification of [appellant] was spontaneously made by [the victim] at a time when [appellant] was not under police suspicion for the commission of any crime. The identification in this case was not prompted by state action which would bring the factors [of impermissible suggestiveness and likelihood of irreparable misidentification] into play." *Gilstrap v. State*, 250 Ga. 814, 816 (1) (301 SE2d 277) (1983).

Notwithstanding the State's participation in the victim's subsequent viewing of a photograph of appellant, this was not an "identification procedure." The victim did not use the photograph to identify appellant as the perpetrator of the crimes. The victim had already identified appellant as her assailant and he had already been incarcerated as the result of her identification of him. She merely used the photograph to determine that the man whom she had previously identified as her assailant was, in fact, her former neighbor. It is the victim's initial identification of appellant *as the perpetrator* of the offenses, not the victim's subsequent identification of her assailant as a former neighbor, that is the crucial inquiry.

The only pre-trial identification of appellant as the victim's assailant stems from the circumstances of his arrest in the victim's home immediately after commission of the crimes, and not from any identification procedure conducted by the State. Since there was no pre-trial identification procedure conducted by the State which led to appellant's arrest and prosecution, the trial court did not err in allowing the victim to make her in-court identification of appellant.

2. Pursuant to OCGA § 17-7-211, appellant filed a pre-trial motion for discovery of any written scientific reports in the possession of

the prosecution. The denial of appellant's motion for mistrial, predicated upon an alleged violation of OCGA § 17-7-211, is enumerated as error.

The record in this case shows that the State did furnish to appellant a copy of all of the written scientific reports purportedly in its possession. See *Rodriguez v. State*, 180 Ga. App. 272 (2) (349 SE2d 22) (1986). The alleged violation of OCGA § 17-7-211 is the absence in the document that the State furnished to defense counsel of any reference to a test for fingerprints. However, the only trial testimony with regard to fingerprints was to the effect that no "usable" fingerprints had been obtained. There is nothing whatsoever to indicate that this lack of any "usable" fingerprint evidence was ever documented in writing. "OCGA § 17-7-211 attaches only when there is a writing. [Cit.]" *Faircloth v. State*, 253 Ga. 67, 68 (2) (316 SE2d 457) (1984). " '[T]here is no evidence suggesting bad faith on the part of the prosecution in this case. [Cit.]' There is no evidence in the case sub judice suggesting that the lack of a written scientific report [regarding the absence of usable fingerprints] reflects bad faith on the part of the prosecution. [OCGA § 17-7-211] does not require creation of a written scientific report if none exists. [Cit.]" *McDaniel v. State*, 169 Ga. App. 254 (3) (312 SE2d 363) (1983).

Moreover, even assuming that there was a written report and that a violation of OCGA § 17-7-211 did occur, no reversible error would be shown. The *lack* of any usable fingerprint evidence would more nearly constitute an exculpatory rather than an inculpatory factor. The remedy for a violation of OCGA § 17-2-211 is not the grant of a motion for mistrial, but the suppression of the evidence. See OCGA § 17-2-211 (c); *Law v. State*, 251 Ga. 525 (307 SE2d 904) (1983). The failure of the trial court to suppress what was arguably the only evidence of a potentially exculpatory nature could not possibly have harmed appellant.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 20, 1987.

*Michael G. Schiavone*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.