A89A1727. WILSON v. THE STATE.
(390 SE2d 609)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of the sale of cocaine. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. Over appellant's hearsay objection, the trial court permitted a police officer to testify as to what he had been told by another officer. Appellant enumerates the trial court's admission of this testimony as error.

The record shows that the trial court instructed the jury that the testimony was being "admitted for the sole purpose of explaining the subsequent conduct of this witness, if it in fact does explain the conduct of the witness, based upon that information. And the [j]ury will take it for that purpose and that purpose alone. It is not . . . given to you or admitted for the purpose of proving the truthfulness of the content of the statement made to this witness, but solely for the purpose of it explaining what this witness did based upon that information and that alone." The record also reflects that, "[f]ollowing the trial court's curative instruction, appellant made no objection to [the officer's] testimony upon the ground that its substance was inadmissible hearsay; 'instead, it appears appellant was satisfied that the court had cured what was objectionable.' [Cit.] Although appellant complains now for the first time that the admission of [the officer's] testimony pursuant to the provisions of OCGA § 24-3-2 was improper

under *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982) and *Teague v. State*, 252 Ga. 534, 536 (314 SE2d 910) (1984), the trial court was not asked to rule on that ground and thus there is nothing to review. [Cits.]" *Howell v. State*, 188 Ga. App. 425, 427 (2) (373 SE2d 216) (1988).

2. The trial court allowed the State to introduce evidence of appellant's commission of three other drug offenses. Appellant enumerates this evidentiary ruling as error.

To be admissible, separate crimes must be "similar *or* logically connected to the crime for which defendant is being tried. . . . If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct." (Emphasis in original.) *State v. Johnson*, 246 Ga. 654, 655 (1) (272 SE2d 321) (1980). Like the drug charge for which appellant was being tried in the instant case, all of the three separate offenses were shown to have involved cocaine and to have occurred in the City of Moultrie. Two of the offenses were sales by appellant of cocaine in the year prior to the instant charge. The third was possession by appellant of cocaine several months after the instant charge. Although a possession offense may not be identical to a sale offense, this does not preclude the admission of evidence of the former in a trial for the latter, particularly where, as here, identity is in issue. See *Whitley v. State*, 193 Ga. App. 192 (387 SE2d 348) (1989). The trial court did not err in admitting the evidence of appellant's commission of any of the three similar offenses.

3. Testimony revealed not only that appellant was in possession of cocaine several months after the instant charge, but also that the cocaine had been discovered pursuant to his arrest for drunk and disorderly conduct. Appellant enumerates as error the admission of this evidence of his drunk and disorderly conduct.

As discussed in Division 2, appellant's subsequent possession of cocaine was admissible as a relevant separate crime and, arguably, his arrest for drunk and disorderly conduct would, therefore, be admissible as part of the res gestae of that separate crime. See *Yarbrough v. State*, 186 Ga. App. 845, 847 (368 SE2d 802) (1988). However, even assuming that only the evidence of his commission of the separate crime of possession of cocaine was admissible, the error in admitting evidence of his arrest for drunk and disorderly conduct would clearly be harmless. See generally *Hodge v. State*, 239 Ga. 612, 613 (2) (238 SE2d 404) (1977).

4. Appellant enumerates the general grounds. After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's

guilt of the sale of cocaine beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 18, 1990.

*James M. Bivins*, for appellant.

*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*