A89A1897. HOWARD v. THE STATE.
(390 SE2d 662)

COOPER, Judge.

Appellant was convicted of selling cocaine. The sole enumeration of error is that the trial court erred in admitting evidence of a prior similar transaction because the State failed to comply with Uniform Superior Court Rule ("USCR") 31.3 (B) by failing to attach a copy of the guilty verdict to the notice of intent to present evidence of a similar transaction.

USCR 31.3 (B) provides as follows: "The notice shall be in writing, served upon the defendant's counsel, and shall state the transaction, date, county, and the name(s) of the victim(s) for each similar transaction or occurrence sought to be introduced. Copies of accusations or indictments, if any, and guilty pleas or verdicts, if any, shall be attached to the notice." Although the State did not attach a copy of the guilty verdict to the notice, all other procedural requirements

were met. The trial court found that the State gave sufficient notice to meet the requirements of the rule, noting that since appellants' counsel was given a copy of the indictment with the case number, he could have perused the entire file at any time. In *Sweatman v. State*, 181 Ga. App. 474 (1) (352 SE2d 796) (1987), we approved the trial court's determination that the purpose of the rule is to provide a criminal defendant with fair and adequate notice of the State's intention to introduce evidence of a prior similar transaction. We find *Sweatman* controlling in this case, and hold that the State substantially complied with the requirements of USCR 31.3 (B). Further, since appellant failed to show that any prejudice resulted from the admission of the evidence, any error was harmless. *Sweatman v. State*, supra.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 8, 1990.

*Short & Fowler, Thomas S. Bishop*, for appellant.

*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.