A90A0784. SANFORD v. THE STATE.
(395 SE2d 373)

BANKE, Presiding Judge.
The appellant was convicted of two counts of selling cocaine in violation of the Georgia Controlled Substances Act. He brings this ap-

peal from the denial of his motion for new trial. *Held*:

1. The appellant contends that the trial court erred in permitting an undercover agent to testify that he had "made purchases" at the appellant's residence on several prior occasions, as this testimony impermissibly placed his character into evidence. We disagree. The appellant took the position at trial that the agent had him confused with someone else, and similar transaction evidence is admissible under such circumstances to prove identity. See *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980).

2. Asked by his attorney on direct examination whether he knew of anyone else who might have sold cocaine at his residence, the appellant responded in the negative. He contends on appeal that the trial court erred in thereafter allowing the state's attorney to cross-examine him concerning the fact that his father was at that time serving a prison sentence for selling cocaine from the same location. As the testimony in question was received without objection, this contention presents nothing for review. See generally *Shy v. State*, 190 Ga. App. 370 (378 SE2d 920) (1989).

3. Generally speaking, "it is not harmful error to give a jury instruction on circumstantial evidence even if none is actually present in the case, inasmuch as such an instruction would ' "g(i)ve (the defendant) a rule more favorable than he could claim." ' [Cits.]" *Barnes v. State*, 171 Ga. App. 478 (4) (320 SE2d 597) (1984).

4. The evidence was amply sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the crimes charged. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED JUNE 22, 1990.

*Waddell, Emerson, George & Buice, E. Angela Emerson*, for appellant.

*Joseph H. Briley, District Attorney, Albert C. Martinez, Jr., Assistant District Attorney*, for appellee.