## S90A1190. CHASTAIN v. THE STATE.
(400 SE2d 329)

FLETCHER, Justice.

James Pierre Chastain was convicted of one count of malice murder and one count of arson in the first degree in connection with the death of his first wife, Teresa Gail Chastain.[1] He was sentenced to life imprisonment on the murder count and to 20 years, to be served consecutively, on the arson count. Chastain appeals and we affirm.

Chastain and the victim lived in a trailer located on a lot adjacent to the dairy where Chastain was employed at the time the crimes occurred. On June 18, 1979, Chastain arrived early for work and shortly thereafter his co-workers noticed that Chastain's trailer was on fire. Witnesses testified at trial that, although Chastain knew that his wife was in the burning trailer, Chastain seemed unconcerned and did not make much of an attempt to get into the trailer to save his wife. Chastain's wife died in the trailer fire.

Nearly a decade after the trailer fire, Chastain became a suspect in a fire that had severely damaged the home of his brother-in-law. While being questioned concerning the fire at his brother-in-law's home, Chastain made several statements in which he admitted to setting a number of fires in the area during the past decade, one of which was the trailer fire which had killed the victim, Teresa Chastain.

1. Considering the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found Chastain guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his first enumeration of error, Chastain argues that the trial court erred by improperly admitting his confession and two letters written by him. We find this enumeration to be without merit. Supreme Court Rule 45 provides that enumerations of error will be

---

[1] The crimes occurred on June 18, 1979. The defendant was indicted on January 4, 1990, after he made incriminating statements to law enforcement officials. The verdict was returned and sentence was imposed on May 1, 1990. The notice of appeal was filed on May 7, 1990. The case was docketed in this court on June 8, 1990 and was argued on September 6, 1990.

deemed abandoned if they are not supported by argument or citation of authority. Because Chastain has provided no argument or citation of authority to support his contention that the two letters were improperly admitted, we deem that portion of his first enumeration abandoned.

As to the confession, the trial court conducted a *Jackson-Denno* hearing at which Chastain and two law enforcement officers testified. The trial court found that Chastain's free will, understanding and knowledge had not been adversely impacted by the delay between his arrest and his first appearance before a magistrate; nor did the delay render his confession involuntary. The trial court found that Chastain had been fully advised of his constitutional rights; that he understood those rights; that his confession was freely, voluntarily, knowingly and intelligently made; and that the confession had been made without any hope of benefit or fear of injury. The trial court also found that Chastain had not asked for an attorney at any time prior to or during the interview wherein his confession was made.

"Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal." *Berry v. State*, 254 Ga. 101, 104 (326 SE2d 748) (1985). The trial court's ruling was not clearly erroneous.

3. In his second enumeration of error, Chastain contends that the trial court erred by partially denying his motion in limine wherein he sought to exclude all mention of seven similar, independent criminal offenses which the State notified Chastain it intended to proffer as evidence. The motion was granted as to one of the independent crimes but the State was allowed to use the six others and Chastain argues that their use was error. We disagree.

Generally, evidence of other independent crimes or acts committed by the defendant is inadmissible as it tends to put the defendant's character into evidence. *State v. Johnson*, 246 Ga. 654 (272 SE2d 321) (1980). Exceptions to this rule permit evidence of independent crimes committed by the defendant to be admitted for the limited purposes of showing identity, motive, plan, scheme, bent of mind and/or course of conduct. *Head v. State*, 246 Ga. 360, 364 (271 SE2d 452) (1980).

There are two conditions to admissibility. The first condition is that there must be some evidence establishing that the independent crime was committed by the defendant. The evidence may be circumstantial but it must be more than mere speculation. *French v. State*, 237 Ga. 620, 621 (229 SE2d 410) (1976). See also *Williams v. State*, 251 Ga. 749, 784 (312 SE2d 40) (1983).

The independent crimes of which the State was allowed to introduce evidence at trial were: (1) the 1977 burning of a mobile home in Colquitt County; (2) the 1982 fire at a Dairy Queen in Colquitt

County; (3) the 1986 fire at a church parsonage in Worth County; (4) the 1987 attempted suffocation of Chastain's present wife; (5) the 1989 fire at the home of Chastain's brother-in-law in Schley County; and (6) a 1989 note, written by Chastain and discovered by his present wife, wherein Chastain detailed his plans to murder his present wife and to burn the home of his brother-in-law.

Chastain was not charged with any of these crimes or attempted crimes, however, there was ample evidence that he was, or was to have been, the perpetrator of each one. Chastain and the victim were living in the mobile home in Colquitt County when it burned in 1977 and he admitted setting the fire. The third caller reporting the 1982 Dairy Queen fire gave the name Chastain and Chastain admitted setting the fire. Chastain is a minister and was living in the parsonage of the Worth County church when it burned; he also admitted to setting the parsonage fire. Chastain's present wife testified that he attempted to suffocate her with a pillow in August of 1987 and that she discovered a note in her husband's handwriting which detailed plans to murder her and to burn his brother-in-law's home. Chastain also admitted setting the fire at his brother-in-law's home.

The second condition of admissibility requires that there "be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter." *French*, supra at 621. The various acts of arson, the alleged murder attempt on his present wife and the alleged plan to murder his present wife are all sufficiently similar or are sufficiently connected to the offenses charged to justify a finding that proof of these independent crimes and attempted independent crimes tends to prove the crimes with which Chastain is charged in the present action.

The fact that the independent crimes and attempted crimes occurred over the span of nearly a decade destroys neither their similarity to, nor their connection with, the crimes charged in the present action. While lapse of time is an important factor to be weighed when considering the admissibility of evidence of independent crimes, it is not wholly determinative. *Campbell v. State*, 234 Ga. 130, 132 (214 SE2d 656) (1975). This is especially true where there are similar and/or connected intervening crimes which occur periodically over a span of time as is the case here.

The pattern established by the independent crimes and attempted independent crimes involved here and the similarity between them and the crimes charged is obvious and is sufficient to bring the evidence within the exception to the general rule.

4. We have reviewed the four remaining enumerations of error and find them without merit.

*Judgment affirmed. Clarke, C. J., Smith, P. J., Bell, Hunt, Benham, Fletcher, JJ., and Judge Hugh P. Thompson concur; Weltner,*

*J., not participating.*

DECIDED FEBRUARY 14, 1991.

H. B. Edwards III, for appellant.
H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf, for appellee.