## S91A0612. HANNAH v. THE STATE.

(404 SE2d 440)

WELTNER, Justice.

James Hannah, Jr., shot and killed Tyrone Duffey with a shotgun. He was convicted by a jury of malice murder and was sentenced to life imprisonment.[1]

The evidence indicates the following: Hannah's step-uncle, co-defendant Robert Edwards, believed that Duffey had robbed one of Edwards' "drug traps" (houses, usually vacant, where illegal drugs are sold). An hour before the homicide, Edwards threatened Duffey. He and Hannah drove to the crime scene. Edwards handed Hannah a shotgun. By means of the weapon, Hannah attempted to "clear the street" of other persons; shot and killed Duffey; changed his clothing; and fled to Alabama. He was found hiding in the closet of a relative. Edwards told his former wife that the police were looking for him (Edwards) because he had paid Hannah to kill a person who had robbed his "drug traps." Edwards was arrested while he was preparing cocaine for sale on the street.

1. (a) Hannah contends that the trial court erred in refusing to take curative measures concerning the testimony of Dexter Freeman, which was offered apparently in reference to Hannah.[2]

---

[1] The crime was committed on February 27, 1990. The indictment was returned on April 17, 1990, and the verdict was published on July 19, 1990. Hannah's motion for new trial was filed on August 17, 1990, amended on November 15, 1990, and denied on December 6, 1990. A notice of appeal was filed on December 13, 1990. The case was docketed in this court on February 4, 1991. Oral arguments were heard on April 9, 1991.

[2] The testimony was as follows:

Q. The guy that shot Tyrone was a black male, late twenties, early thirties, dark complexion, Jheri curl, mustache?

A. Yes.

Q. Is that right?

A. Yes.

Q. Is that what he was wearing?

A. Well, as far as — yes.

Q. Is that right?

A. Yes.

(b) Although the witness made no positive identification of Hannah at trial, his description of the killer fit Hannah. Hannah alleges error in the trial court's denial of his initial request for "limiting instructions." He requested also that Freeman's testimony be stricken, and then waived the giving of curative instructions. The court did not err in denying the motion for mistrial. *Bromley v. State*, 259 Ga. 377 (4) (380 SE2d 694) (1989).

2. (a) Hannah contends that the trial court erred in refusing to sever his case from that of his co-defendant, based upon the admission in evidence of a "similar crime" on the part of Edwards.

(b) The evidence in issue did not implicate Hannah directly. The trial court gave appropriate limiting instructions to the jury, cautioning that the evidence could be considered only in regard to Edwards. There was no error.

3. (a) Hannah argues that the evidence was not sufficient to support the verdict. He contends that he was not identified as the killer, and that the evidence merely placed him at the scene near the time of the homicide.

(b) Several witnesses identified both Hannah and Edwards, as included in the factual circumstances related above. From the evidence, albeit in part circumstantial, a rational trier of fact could have found Hannah guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

---

Q. You don't know Jughead?
A. I don't know Jughead.
Q. You don't know who he is?
A. I don't know who he is.
Q. You told the police it was Jughead, though?
A. I told the police the name that I had heard.
Q. But you didn't know him?
A. I did not know him.
Q. Do you see that guy sitting over there in the blue striped shirt?
A. Yes, I do.
Q. Now, you don't know if that is the guy or not?
A. I don't know if that is the guy or not.
Q. You don't know if that is the guy or not. You are not saying that is not him, you are just saying you don't know? . . .
A. I don't know whether that is him or not.
Q. You don't know whether it is him or not?
A. I don't know.
Q. You are not saying it is not him?
A. I'm not saying that. I'm not saying that it is.
Q. But you told the police it was a guy named Jughead?
A. I told the police the name that I heard . . .
Q. You think you overheard someone else say that name. You didn't say that name to the police?
A. Well, when he asked me I said well, I heard somebody call him Jughead.

DECIDED MAY 28, 1991 —
RECONSIDERATION DENIED JUNE 20, 1991.

*Price, Conoscienti & Storm, Joseph A. Conoscienti, J. M. Raffauf,* for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary H. Hines,* for appellee.