## S91A0657. EDWARDS v. THE STATE.
(406 SE2d 79)

WELTNER, Justice.

Robert Lee Edwards paid James Hannah, Jr., to shoot and kill Tyrone Duffey with a shotgun. Edwards was convicted by a jury of malice murder and was sentenced to life imprisonment.[1]

1. Edwards' contentions on appeal pertain to the state's evidence of "similar transactions."[2]

2. (a) In *Mincey v. State*, 257 Ga. 500, 505 (7) (360 SE2d 578) (1987), we stated:

> "[I]n certain circumstances, evidence of independent crimes is admissible. Two conditions must be satisfied. 'First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be *sufficient similarity* or *connection* between the independent

---

[1] The crime was committed on February 27, 1990. The indictment was returned on April 17, 1990, and the verdict was published on July 19, 1990. Edwards' motion for new trial was filed on August 3, 1990, and denied on December 6, 1990. A notice of appeal was filed on December 19, 1990. The appeal was docketed in the Court of Appeals on February 8, 1991, and transferred to this court on February 12, 1991, where it was docketed on February 14, 1991. The appeal was submitted without oral argument on March 29, 1991. For a statement of the factual circumstances, see *Hannah v. State*, 261 Ga. 336 (404 SE2d 440) (1991).

[2] The two events had the following similarities: both crimes illustrated Edwards' propensity to use firearms to avenge himself against someone who he thought had wronged him, and to furnish offensive weapons to others. Edwards was prosecuted for the prior crime (aggravated assault) less than two years before the homicide of Duffey.

crime and the offense charged, that proof of the former tends to prove the latter.' [Cits.]"

(b) The trial court instructed the jury, at the time the evidence was offered, to limit consideration of the prior assault to whatever it might illustrate as to Edwards' state of mind. The instructions were adequate and correct. See *Chastain v. State*, 260 Ga. 789, 790 (3) (400 SE2d 329) (1991).

There was no error.

*Judgment affirmed. All the Justices concur, except Smith, P. J., and Benham, J., who dissent.*

BENHAM, Justice, dissenting.

Because I disagree with the majority that there is sufficient similarity between Edwards' prior independent crime and the charged crime to warrant the admission of evidence of the former, I must dissent.

As recognized by the majority, evidence of other criminal acts by the defendant is generally inadmissible as it tends to place the defendant's character into evidence. *Johnson v. State*, 246 Ga. 654 (272 SE2d 321) (1980). However, again as recognized by the majority, an exception to the above rule permits the admission of evidence of prior independent crimes committed by the defendant if two conditions are satisfied.

> First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, *there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter.* [Emphasis supplied.] [*French v. State*, 237 Ga. 620, 621 (229 SE2d 410) (1976).]

Under the *exception to the rule*, the evidence of the independent crime is admissible only for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515) (1977).

A thorough examination of the facts in this case shows that there is no similarity or connection between Edwards' prior conviction for aggravated assault and the offense for which he was being tried, murder. The aggravated assault occurred when Edwards, armed with a handgun, went to Clark's residence to collect a debt. After Clark refused to allow Edwards in the house and Edwards attempted to force the door open, the men exchanged gunfire which resulted in Edwards shooting at the door. Edwards fled the scene and later gave the gun to someone for the purpose of disposal. In the case at bar, appellant was alleged to have given a shotgun to his co-defendant and instructed

him to kill Tyrone Duffey, who purportedly had robbed Edwards' drug traps[3] in the past.

The aggravated assault conviction and the murder charge contain many dissimilarities which prevent proof of the former from being proof of the latter. The aggravated assault dealt with the personal use of a handgun for the collection of a debt, and disposal of the handgun. The homicide involved drugs and was the desired result of appellant's plan, in which he supplied the murder weapon, a shotgun, to another in order that the accomplice might do the shooting. Certainly the mere use of a firearm does not make the aggravated assault sufficiently similar to the homicide to warrant the admission of what could only be highly prejudicial evidence.

The majority notes that the trial court instructed the jury to limit its consideration of the evidence concerning the aggravated assault to illustrate appellant's state of mind.

> "The state of mind that will permit the admission of an unrelated crime is the state of mind at the time of the commission of the offense as shown by the acts or words of the defendant so close in time to the alleged offense as to have a bearing upon his state of mind at that time. Defendant's conduct over the years cannot be shown to prove that he has a depraved or wicked state of mind generally." [*Walraven v. State*, 250 Ga. 401 (4b) (297 SE2d 278) (1982).]

The 1988 aggravated assault cannot be considered to be "so close in time as to have a bearing upon [appellant's] state of mind" at the time of the 1990 homicide. Admission of Edwards' aggravated assault conviction on the ground that it reflects his state of mind in the homicide does that which our legal system abhors: it authorizes a conviction based, not on proof of commission of the crime charged, but on what a man has done in the past. Because I find such a holding to be in conflict with judicial principles of long standing duration in this state, I must respectfully dissent.

I am authorized to state that Presiding Justice Smith joins in this dissent.

DECIDED JULY 10, 1991 —
RECONSIDERATION DENIED SEPTEMBER 4, 1991.

*Hester & Hester, Frank B. Hester,* for appellant.
*Lewis R. Slaton, District Attorney, Carl P. Greenberg, A.*

---

[3] According to appellant's trial testimony, a "drug trap" is a place where illegal drugs are sold.

*Thomas Jones, Assistant District Attorneys, Michael J. Bowers, Attorney General, Thomas A. Cox, Jr.,* for appellee.