A91A1169. BANKS v. THE STATE.
(410 SE2d 818)

BEASLEY, Judge.

Having been denied a new trial, Major Banks appeals his conviction for selling cocaine (1/5 gram for $40), OCGA § 16-13-30 (b), in

violation of the Georgia Controlled Substances Act.

Construction of the evidence at trial in favor of the verdict shows the following. The Georgia Bureau of Investigation was conducting undercover drug operations in Hall County. Agents had information that they could purchase cocaine from an individual named "Major" at a local poultry processing plant. Three agents and a confidential informant drove to the plant. One of the agents and the informant exited the car and walked to the plant's front fence. The informant asked an employee standing at the fence whether the employee knew "a tall black male with Jerry curls that goes by the name of Major, who works there." The employee responded that he did and went inside the plant.

Approximately one minute later, Banks came out of the building and to the fence gate. The agent and informant followed Banks across the parking lot, out a side gate and onto a dirt drive. The informant told Banks that the agent wanted to buy some cocaine. Banks asked the agent how much he wanted. The agent stated "half," meaning a $50 amount of cocaine which was probably less than one gram. Banks reached into his freezer suit pocket and pulled out one corner tie-up plastic bag of cocaine. He indicated to the agent that the cocaine would cost $40 rather than $50 and handed the agent the cocaine. After examining the drugs, the agent handed Banks $40. Banks commented that the cocaine was pure.

1. In his first and second enumerations of error, appellant challenges the admission of evidence of similar transactions. He maintains that the evidence was admitted without proper foundation in that the State failed to show identity of the perpetrator and similarity of offense. He further asserts that admitting the evidence without requiring the state to call live witnesses and produce testimonial evidence violated his rights of confrontation under the State and Federal Constitutions.

As to the confrontation contention, no such objection was lodged at trial; therefore, it will not be entertained on appeal. "[I]t is well-settled that this court will not consider issues raised for the first time on appeal. [Cit.]" *Cooper v. State*, 173 Ga. App. 254, 256 (1) (325 SE2d 877) (1985).

The contention that the independent transactions were substantively inadmissible fails. "Generally, evidence of other independent crimes or acts committed by the defendant is inadmissible as it tends to put the defendant's character into evidence. [Cit.] Exceptions to this rule permit evidence of independent crimes committed by the defendant to be admitted for the limited purposes of showing identity, motive, plan, scheme, bent of mind and/or course of conduct. [Cit.]

"There are two conditions to admissibility. The first condition is that there must be some evidence establishing that the independent

crime was committed by the defendant. The evidence may be circumstantial but it must be more than mere speculation. [Cits.] . . .

"The second condition of admissibility requires that there 'be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter.' [Cit.]" *Chastain v. State*, 260 Ga. 789, 790 (3) (400 SE2d 329) (1991).

While it is true as appellant points out that a defendant's other *possession* of drugs may not be admissible as a similar transaction in the defendant's trial for *selling* drugs, see *Faison v. State*, 199 Ga. App. 447 (405 SE2d 277) (1991), this was a sale case in which prior sales were admitted. The independent prior transactions were a $100 sale of marijuana to an undercover GBI agent on September 29, 1984, and a subsequent $50 sale of cocaine to the same agent six days later. They were four years earlier, but defendant had been incarcerated for at least part of the interim due to a sentence of ten years to serve (plus probation). Both transactions were charged in a single indictment, the content of which was read to the jury by the State's attorney. The face of the indictment informed the jury that both crimes had occurred in an adjoining county to the one on trial, that both were also sales of similar quantities of drugs by virtue of the similar specified dollar amounts, and that both also involved undercover sales to a government agent. A certified copy of the indictment and sentences was introduced into evidence.

This case also differs from *Stephens v. State*, 261 Ga. 467 (405 SE2d 483) (1991). In *Stephens*, the only evidence as to similarity of the three prior sales of cocaine that was before the jury was the certified copy of the convictions, which had been entered following guilty pleas. The face of the indictment for these crimes contained only the bare allegation of the criminal act of the sale of cocaine in the particular county. The majority noted that had the State presented evidence of similarity in the case during trial as it had done in the USCR 31.3 (B) hearing at which the prosecutor stated in his place the relevant facts of the prior conviction, then the only question concerning a challenge on appeal as to similarity would be whether the trial court's finding was clearly erroneous. The record in *Stephens* reveals that the prosecutor stated in his place that the prior crime was a hand-to-hand undercover sale involving a confidential informant, the approximate quantity of drugs sold, and a dollar amount of the sale.

The trial court's finding of similarity to the charge on trial was not "clearly erroneous." *Stephens* at fn. 2.

As to the question of identity, the documentary evidence all bore the name, "Major Banks, Jr." See *Williams v. State*, 180 Ga. App. 227 (348 SE2d 747) (1986); *Coggins v. State*, 168 Ga. App. 12, 13 (4) (308 SE2d 36) (1983); *Fambro v. State*, 165 Ga. App. 445, 447 (3) (299

SE2d 114) (1983). The concordance of name alone in the absence of proof to the contrary, i.e., that appellant was not the perpetrator of the prior offenses, was some evidence of appellant's identity as the perpetrator of the independent crimes. *Oller v. State*, 187 Ga. App. 818, 820 (2) (371 SE2d 455) (1988) (concurred in fully as to Division 2).

2. In his fourth enumeration of error, appellant contends that the trial court erred in "allowing the prosecutor to continually question defense witnesses as to [appellant's] prior convictions and his attendance at the parole office," thereby improperly injecting his character into evidence.

There were no objections to the questions or the responsive testimony. "In this state it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which the appealing party might have. [Cits.] The reason for this rule is clear. If the appellant has an objection, there is an obligation to call the matter to the court's attention so the trial judge will have an opportunity to remedy the situation. [Cit.]" *Bridgers v. State*, 183 Ga. App. 98, 99 (1) (357 SE2d 894) (1987).

3. In his third enumeration of error, appellant contends that the trial court erred in charging to the jury entire OCGA § 16-13-30 (b), which makes it unlawful to "manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance," instead of charging just on "sell." He maintains that this amounted to instruction on theories of guilt inconsistent with the indictment.

At the conclusion of the charge, defense counsel stated, "We have no exceptions at this time." This was insufficient to preserve objections to the charge on appeal. *Cooper v. State*, 188 Ga. App. 297, 298 (2) (372 SE2d 679) (1988).

4. In his fifth and final enumeration of error, appellant contends that the trial court erred in imposing a life sentence pursuant to OCGA § 16-13-30 (d), inasmuch as it was not established that he had previously been convicted of selling cocaine. He maintains there was insufficient evidence that he was the same "Major Banks, Jr.," as the perpetrator of the previous cocaine sale.

Following the verdict and poll of the jury, the court addressed the issue of sentencing. The State sought to introduce evidence of the offenses which had been admitted as similar transactions, see Division 1, supra, as well as evidence of three other non-drug convictions. Defense counsel objected that appellant had not been indicted as a recidivist and that copies of convictions of the offenses had not been provided to the defense prior to trial. Defense counsel admitted that the court "probably [had] no choice" as to the giving of a life sentence, yet argues that the court had discretion in sentencing. Counsel

never raised an issue of appellant's identity as perpetrator of the other sale of cocaine or the remaining prior offenses. In addition, the court delayed sentencing in order to give both sides the opportunity to further present their positions. At the subsequent sentencing hearing defense counsel argued inadequate notification by the State, but counsel never mentioned a perpetrator identity problem with regard to the sentencing. Inasmuch as appellant raises his present contention as to sentencing for the first time on appeal, this Court will not consider it. See Division 1, supra. In any event, there was uncontroverted evidence via copy of the prior drug indictment, verdict, and sentences that appellant was indeed the "Major Banks, Jr." who committed the earlier sale of cocaine. See Division 1, supra.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 20, 1991.

*H. Bradford Morris, Jr.*, for appellant.
*C. Andrew Fuller, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.