A91A0899. HUNTER v. THE STATE.
(413 SE2d 526)

</div>

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of selling cocaine in violation of the Controlled Substances Act. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. Appellant enumerates the general grounds.

Appellant was positively identified by the officer to whom the sale had been made. Appellant did not seek to suppress the officer's identification testimony. Moreover, the record clearly discloses that there was no viable basis upon which suppression of the officer's identification testimony could have been sought. It was only *after* the of-

ficer had already been given the name of the individual from whom he had purchased the cocaine that he viewed a photograph of appellant to confirm that appellant was in fact that individual. Thus, the photograph did not result in the officer's identification of appellant as the suspect, but merely corroborated that the suspect had been properly identified to the officer as appellant. "This was not an impermissibly suggestive procedure such as a photo 'line-up' containing one picture, but was more a matter of detection." *Smith v. State*, 192 Ga. App. 144, 145 (2) (384 SE2d 677) (1989). See also *Curtis v. State*, 183 Ga. App. 6 (1) (357 SE2d 849) (1987). The evidence adduced at trial, when construed most favorably for the State, was sufficient to authorize a rational trior of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant made a motion for a "non-suggestive" lineup, urging in support thereof that his identification by the officer had been tainted by an impermissibly suggestive procedure. The denial of this motion is enumerated as error.

When it is alleged that identification testimony has been tainted by a purported impermissibly suggestive pre-trial procedure, the defendant is clearly entitled to file a motion to suppress that testimony. No reason is suggested as to why this remedy is not otherwise sufficient to protect the rights of an accused. In any event, there was *no* impermissibly suggestive pre-trial identification procedure employed in the instant case, for the reasons given in Division 1. Since the circumstance upon which appellant had predicated his motion did not exist, it was not error to deny that motion.

3. Appellant enumerates as error the admission into evidence of his prior drug conviction.

The State has the burden of adducing sufficient evidence of an accused's guilt beyond a reasonable doubt and the trial court has the responsibility of determining whether the evidence upon which the State relies is admissible for the jury's consideration. The State's burden is implacable, but the trial court's responsibility is not. The accused has a concomitant duty to object to the admission of any evidence upon which he contends the State erroneously relies in meeting its burden. "It is well settled that while evidence may be subject to objection yet if no objection is made in the trial court, or if the only objection made is not good, no reversible error is committed by the trial court in allowing the evidence to be submitted. [Cits.]" *Salem v. State*, 228 Ga. 186, 187-188 (3) (184 SE2d 650) (1971). The instant enumeration does *not* assert the general grounds and urge that the State failed to meet its burden of proof as to appellant's guilt. The instant enumeration asserts error only as to an *evidentiary ruling* and urges that the *trial court* erred in allowing the jury to consider certain

evidence. Accordingly, our consideration is necessarily limited to such specific objections to the admission of that evidence as were raised below. " ' "In order to raise on appeal contentions concerning admissibility of evidence *'the specific ground of objection must be made at the time the evidence is offered, and a failure to do so will be considered as a waiver. All evidence is admitted as a matter of course unless a valid ground of objection is interposed.'* [Cits.]" ' [Cit.]" (Emphasis supplied.) *Doughty v. State*, 175 Ga. App. 317, 321 (5) (333 SE2d 402) (1985).

In *Stephens v. State*, 261 Ga. 467, 469 (6) (405 SE2d 483) (1991), the Supreme Court held that "the [S]tate's establishment[, in a *pretrial hearing* conducted pursuant to Uniform Superior Court Rule 31.3 (b),] of a prima facie case of similarity [of prior crimes] does not satisfy its obligation to present proof on that issue *at trial.*" (Emphasis supplied.) See also *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). A review of the record in the instant case clearly shows, however, that the evidentiary issue discussed in *Stephens* and *Williams* was *not* preserved for appellate review. Accordingly, the holding in *Stephens* and *Williams* is clearly *not* a viable predicate for reversing appellant's conviction.

What the instant record shows is the following: At the *pre-trial hearing* to determine the admissibility of appellant's prior conviction, appellant *never* objected on the ground that his prior conviction was not shown by the State to be sufficiently "similar" to the crime that he was charged with having committed in the instant case. Instead, appellant urged *only* that his prior conviction antedated the instant crime to such an extent that it was too "remote" to warrant its admissibility and that any limited relevancy that his prior conviction might have on the issue of identity would be outweighed by its prejudicial impact upon the jury. Over these objections, the trial court ruled that appellant's prior conviction would be admissible at trial, but suggested that appellant might renew his objection when his prior conviction was offered for admission during the trial.

*At trial,* the State produced the testimony of a police officer and then tendered a certified copy of appellant's prior indictment, plea of guilty and sentence. Again, appellant *never* objected on the ground that the State's evidence was otherwise insufficient to show that his prior conviction had been for a crime sufficiently similar to the crime that he was charged with having committed in the instant case. Instead, appellant, apparently accepting the suggestion made by the trial court at the pre-trial hearing, urged *only* that he was "*renew[ing]* [his] objection." (Emphasis supplied.) Thus, the *only* objections that appellant *ever* raised *at trial* were that his prior conviction was too "remote" and that the prejudicial impact of his prior conviction outweighed its limited relevancy on the issue of identity.

The very *first* time that appellant has *ever* urged that the State failed to meet its evidentiary burden of showing that his prior conviction was for a sufficiently "similar" crime is in the brief that he filed with this court in support of the instant appeal. However, nothing in *Stephens* or *Williams* suggests that the Supreme Court has determined to dispense with the long-standing rule that, to warrant appellate consideration, an objection to the admission of evidence must first have been raised in the trial court. If the argument that appellant advances in his brief had been raised in the form of an objection in the trial court, it is possible that *Stephens* and *Williams* might warrant a reversal of appellant's conviction. In the absence of such an objection, however, any discussion of *Stephens* or *Williams* in the instant case is inappropriate.

With regard to the admission of appellant's prior conviction, the *only* issues that are *legitimately* presented for resolution are whether it was too "remote" and whether it was more prejudicial than relevant. The prior conviction antedated the instant crime by only 1-½ years and the trial court was authorized to find that "remoteness" was not an impediment to the admissibility of the prior conviction. See generally *Cox v. State*, 197 Ga. App. 240 (2) (398 SE2d 262) (1990). Likewise, the trial court was authorized to find that the relevance of appellant's prior conviction on the issue of identity outweighed its prejudicial effect. See generally *Sanford v. State*, 196 Ga. App. 103, 104 (1) (395 SE2d 373) (1990). Accordingly, when consideration of the instant appeal is confined to only those issues that are *properly* before us, a reversal is not mandated. Reversal of the trial court is not authorized on the basis of an evidentiary ruling that the trial court was never called upon to make.

4. Appellant enumerates as error the admission of certain testimony by a police officer, over the objection that such testimony related to "other transactions" and was irrelevant under OCGA § 24-2-2. Assuming, without deciding, that the testimony was irrelevant, it was not so prejudicial as to render its admission reversible error.

5. Appellant urges that he was denied his right to poll each juror individually.

If, on being polled, a juror's response demonstrates that no unanimous verdict has been reached, the proper remedy is for the trial court to direct the jury to retire for further deliberations. *Walker v. State*, 159 Ga. App. 50 (1) (282 SE2d 697) (1981). There is no requirement that the poll be continued after one juror's response has demonstrated a lack of unanimity. The record demonstrates that each juror was individually polled before the trial court accepted the jury's ultimate and unanimous guilty verdict. Accordingly, there was no error.

6. Appellant enumerates as error the trial court's giving of an *Allen* charge.

The charge was couched in language upheld in *Spaulding v. State*, 232 Ga. 411, 413 (4) (207 SE2d 43) (1974). Whether to give such a charge is generally a discretionary matter for the trial court. *Banks v. State*, 169 Ga. App. 571, 572 (2) (314 SE2d 235) (1984). We find no abuse of that discretion in the instant case.

*Judgment affirmed. McMurray, P. J., Birdsong, P. J., Pope, Cooper, Andrews, JJ., and Judge Arnold Shulman concur. Sognier, C. J., and Beasley, J., dissent.*

SOGNIER, Chief Judge, dissenting.

I concur fully in the dissenting opinion, and write separately to add to the discussion concerning Division 3.

I find the scope of appellant's objection below is not determinative of the applicability of *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991) and *Stephens v. State*, 261 Ga. 467, 468-469 (6) (405 SE2d 483) (1991). In both of these cases, the Supreme Court held that the State bears the burden of affirmatively complying with the requisite procedures for admission of evidence of prior criminal transactions, and that when the State fails to meet this burden the conviction must be reversed. In each case, the court's analysis focused not on whether the appellant's objection had been precisely framed and preserved at trial, but whether the *State* had met *its* obligations so as to justify making an exception to the general rule that such evidence is not admissible. Indeed, in *Williams* the enumeration of error did not expressly raise the primary ground on which the judgment of conviction was reversed. Instead, the court formulated a procedure to be followed by the prosecution when seeking to introduce similar crimes evidence and then reversed the judgment because of the State's failure to comply with these requirements. Given this analytical approach employed by the Supreme Court, I can only conclude that the instant judgment must be reversed on the same basis regardless of the scope of appellant's objection below. Since, as Judge Beasley's dissent discusses, the State failed to establish — and obtain the trial court's express finding thereon — either the permissible purpose for which the evidence was proffered, *Williams*, supra at 642 (2) (b), or sufficient similarity between the prior offense and the charged crime, id. at (2) (b-d), appellant has shown reversible error. Id.; see *Stephens*, supra.

I am authorized to state that Judge Beasley joins in this dissent.

BEASLEY, Judge, dissenting.

I respectfully dissent because of the ruling in Division 3.

"The general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the

investigation of such conduct." OCGA § 24-2-2. "If a defendant in a criminal case . . . testifies, . . . no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue." OCGA § 24-9-20. It is the first of these two general rules on prior conviction evidence which is the starting point in our consideration of the evidence objected to in this case, as it was offered in the State's case-in-chief and not in response to any issue of character injected by defendant.

In this connection, the Supreme Court stated that evidence that defendant had committed another "wholly independent" crime "is irrelevant and inadmissible," as a "universally recognized . . . general rule." *Bacon v. State*, 209 Ga. 261, 262 (71 SE2d 615) (1952). The reason it is inadmissible is that "it tends to put the defendant's character into evidence. *State v. Johnson*, 246 Ga. 654 (272 SE2d 321) (1980)." *Chastain v. State*, 260 Ga. 789, 790 (3) (400 SE2d 329) (1991). The principle has been affirmed most recently in *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991).

Certain exceptions have been recognized, however, for limited purposes and under prescribed conditions. The burden is on the State to establish its admissibility.

First of all, the evidence must be relevant to some issue in the case, such as that the prior conviction tends to show that the identification of defendant as the perpetrator of the crime on trial is correct, or that the defendant had a motive or a plan or a scheme, or was of a particular bent of mind, or followed a particular course of conduct. *Chastain*, supra; *Todd v. State*, 243 Ga. 539, 543 (255 SE2d 5) (1979). See also *Williams*, supra at fn. 2. Its admission must have a legitimate purpose.

In addition, the State must show that the evidence meets two conditions: "First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.]" *State v. Johnson*, 246 Ga. 654, 655 (1) (272 SE2d 321) (1980).

The impact of this evidence has such significance in the trial that a procedure has been instituted to put the defendant on notice and require the State to establish admissibility at a pretrial hearing, whenever it wishes to introduce such evidence in derogation of the general rule. USCR 31.3. It is clearly stated in this Uniform Rule that "[t]he burden of proving that the evidence of similar transactions or occurrences should be admitted shall be upon the prosecution."

The issue before us was raised in the following manner. Pursuant to Uniform Superior Court Rule 31.3, the State gave appellant notice of its intention to present evidence of a similar transaction consisting of a certified copy of his indictment, plea of guilty, and sentence to an

indictment charging him with sale of cocaine in Coweta County in 1988, as well as the testimony of Officer Tony Brown, concerning the prior conviction. See *Stephens v. State*, 261 Ga. 467 (6) (405 SE2d 483) (1991); *Banks v. State*, 201 Ga. App. 266 (1) (410 SE2d 818) (1991); *Howard v. State*, 194 Ga. App. 443 (390 SE2d 662) (1990); *Fambro v. State*, 165 Ga. App. 445, 447 (3) (299 SE2d 114) (1983).

Although the uniform rule does not require it, the notice did not state the purpose for which this evidence was intended, that is, what issue in the case it was related to and would enlighten. See *Williams v. State*, supra. After the State filed notice of its intent, defendant responded in writing that the proposed evidence was not legally relevant, that it was remote in time and unconnected to the present charge, that its probative value was vastly outweighed by it prejudicial impact, and that its admission would require him to defend against collateral matters.

A hearing was held before trial. The State never stated the purpose for which it intended to offer the evidence, even though defendant asked what it was. Nor did the State establish "a prima facie case of similarity." Neither did the court make a "finding of sufficient similarity." See, in these regards, *Stephens*, supra at 468-469 (6). See also *Williams*, supra at (2b), which holds that "before any evidence of independent offenses or acts may be admitted into evidence, . . . the state must make [at the pretrial hearing] three affirmative showings as to each independent offense or act it seeks to introduce." Nevertheless, despite the defendant's repeated and "vehement" objection, the court ruled that it would probably permit the State to introduce the prior conviction "[f]or whatever weight the Jury might choose to give it as far as it might show scheme, bent of mind, or motive on the part of the defendant in this case." Defendant had earlier argued that these and some of the other exceptional purposes were not issues in the case. His defense, he said in response to the court's questioning, was based on an alibi. One of the arguments with which defendant repeatedly supported his objection that the intended evidence did not come within an exception to the general preclusionary rule was that "the prior transaction has no relevancy."

At trial, the State did not articulate the purpose for which the evidence was offered but merely presented it over defendant's objection. The court did not "make a determination that each of these three showings has been satisfactorily made by the state as to that particular independent offense or act," which *Williams* confirmed was required. Without a transcript of the State's closing argument, we cannot determine whether and how it was connected to the issue of guilt.

When the evidence was presented, the court cautioned the jury that it was limited to the jury's consideration of "intent or motive or

knowledge or scheme or bent of mind of the defendant," if it believed it relevant to any of these matters.

When finally charging the jury, the court instructed that "this evidence [of a prior crime] was admitted solely for the purpose of your considering it under those provisions of the law that provide that where knowledge, common design, modus operandi, motive, intent, bent of mind, plan, scheme, and course of conduct, identity, or other matters dependent upon a person's state of mind are involved as material elements in the offense for which the defendant is on trial," such evidence is "solely for your consideration as it might tend to illustrate the defendant's state of mind in regard to the offense for which he is presently on trial, if you think such evidence does so illustrate that state of mind, and it is admitted for that purpose alone, and you should consider it for no other purpose." See Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II, p. 33.

State of mind was not an issue. As defendant argued at the pretrial hearing, "in this case, intent, I would contend, would not even be an issue. In this case, a sale was made. It's not did he want to sell or did he try to scheme. Bent is not an issue." Identity was the issue. Defendant testified that he was working at his father's bar the night of the alleged sale at a different location, and he presented alibi witnesses. Similar transaction evidence may be relevant when identity is an issue. *Sanford v. State*, 196 Ga. App. 103, 104 (1) (395 SE2d 373) (1990); *Wilson v. State*, 194 Ga. App. 261, 262 (2) (390 SE2d 609) (1990); *Whitley v. State*, 193 Ga. App. 192 (1) (387 SE2d 348) (1989). Thus, although appellant does not expressly complain of it, the evidence was not properly limited. See *Hunter v. State*, 177 Ga. App. 326, 327 (339 SE2d 381) (1985) (Beasley, J., dissenting). This is pointed out because it seems to be a commonly-occurring deficiency.

Appellant argues, inter alia, one of the aspects of relevancy, that the State's proof of his prior conviction without proof of the details and manner in which the crime was committed does not establish a sufficient similarity or connection between the independent crime and the offense charged so that it can be said that proof of the former tends to prove the latter. In other words, he urges, "due to insufficient proof on similarity of the prior crime such evidence was not legally relevant to identity and did not connect Defendant with the pending charge, . . ." The recent decisions of the Georgia Supreme Court in *Stephens*, supra, and *Williams*, supra, support this.

At trial, Officer Brown testified that appellant had pled guilty to a charge of "distribution of cocaine" in 1988, and that he was present as the prosecuting officer when the plea was entered. He did not elaborate on the factual basis. The indictment showed that on or about April 29, 1988, in Coweta County, appellant "did then and there un-

lawfully deliver, distribute, dispense and sell cocaine. . . ." A female and three males including Tony Brown were named as witnesses on the back of the indictment, with no description other than that Brown was "prosecutor." The sentence showed that appellant was sentenced on September 20, 1988, to five years' imprisonment on his plea of guilty to this charge.

In *Stephens*, the appellant was convicted of the sale of cocaine. A prior conviction of sale of cocaine was admitted in evidence through certified copies of the indictment, guilty plea, and sentence. The exhibits in *Stephens* contained the bare allegation of the criminal act of the sale of cocaine, the date of the sale, the county in which the sale occurred, the guilty plea, conviction, and sentence. *Banks*, supra at 268. The Court in *Stephens* held this outline to be insufficient to establish "similarity." In this case, it is even problematic whether the prior incident was a sale or a distribution or perhaps one of the other alternative acts charged.

It was recognized in *Banks*: "The majority [in *Stephens*] noted that had the State presented evidence of similarity in the case during trial as it had done in the USCR 31.3 (B) hearing at which the prosecutor stated in his place the relevant facts of the prior conviction, then the only question concerning a challenge on appeal as to similarity would be whether the trial court's finding was clearly erroneous. The record in *Stephens* reveals that the prosecutor stated in his place that the prior crime was a hand-to-hand undercover sale involving a confidential informant, the approximate quantity of drugs sold, and a dollar amount of the sale." Id. at 268.

There was no such showing of similarity in this case. Consequently, defendant was not "insure[d] of a fair and impartial trial before an unbiased jury." *Williams*, supra at (2). The trial court erred in admitting evidence of the earlier crime, for which a foundation had not been laid. A new trial is required.

I am authorized to state that Chief Judge Sognier joins in this dissent.

DECIDED DECEMBER 5, 1991.

*Wood, Odom & Edge, D. Scott Cummins*, for appellant.
*William G. Hamrick, Jr., District Attorney, Agnes T. McCabe, Assistant District Attorney*, for appellee.