S90A1540. COOPER v. THE STATE.
(397 SE2d 705)

WELTNER, Justice.

Alvino Cooper shot and killed Johnny Gibson with a handgun. He was convicted by a jury of felony murder, aggravated assault, and armed robbery and was sentenced to life imprisonment, and to two consecutive terms of years.[1]

Cooper, with two accomplices, entered a pawn shop, shot and killed Gibson, an employee, shot and wounded another employee, Dupaquier, and stole jewelry.

1. The evidence is sufficient to permit a rational trier of fact to find Cooper guilty beyond a reasonable doubt of felony murder, aggravated assault, and armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. (a) Cooper contends that the trial court erred in denying his motion to suppress Dupaquier's in-court identification of him. He maintains that the "show-up" identification of him by Dupaquier following his arrest was unduly suggestive, and that it tainted her in-court identification.

(b) Under the circumstances of this case, we hold that there was little likelihood of a misidentification of Cooper. *Neil v. Biggers*, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972). The witness saw him

---

[1] The crimes were committed on June 28, 1989. Cooper was indicted on December 22, 1989, and was found guilty by a jury on February 23, 1990. He was sentenced on March 7, 1990. His motions for new trial were filed on March 9 and 22, 1990, and denied on July 13, 1990. Cooper's notice of appeal was filed on July 19, 1990. This appeal was docketed in this court on July 19, 1990, and was submitted without oral argument on October 5, 1990.

before he entered the shop, and saw his "cold eyes" (as she described them) before he shot her. Additionally, Cooper fit the description of the assailant that Dupaquier gave to the police. Because the basis for the courtroom identification was independent of the allegedly suggestive confrontation procedure, the trial court did not err in denying the motion to suppress. *Callaway v. State*, 257 Ga. 12 (3) (354 SE2d 118) (1987).

3. (a) Cooper contends that the trial court should have declared a mistrial on the ground that the prosecution was allowed, over objection, to ask the jury in closing argument to recall two unrelated cases involving other defendants who, like Cooper, were in their early teenage years.

(b) In *Conner v. State*, 251 Ga. 113, 122 (6) (303 SE2d 266) (1983), we reiterated:

> "The range of discussion [during closing argument] is wide — very wide . . . [Counsel's] illustrations may be as various as are the resources of his genius; his argumentation as full and profound as his learning can make it; and he may, if he will, give play to his wit, or wing to his imagination." [Cit.] "Counsel may bring to his use in the discussion of the case well-established historical facts and may allude to such principles of divine law relating to transactions of men as may be appropriate to the case." [Cit.] Counsel for the state may forcibly or even extravagantly attempt to impress upon the jury "the enormity of the offense and the solemnity of their duty in relation thereto." [Cit.]

The prosecution's argument was within the bounds permitted.[2]

*Judgment affirmed. All the Justices concur, except Clarke, C. J., Benham and Fletcher, JJ., who dissent.*

CLARKE, Chief Justice, dissenting.

I respectfully dissent as to Division 3 of the majority opinion. The references in the prosecutor's closing argument to the pizza deliv-

---

[2] Even if it were not, we would not reverse the trial court's ruling for not granting sua sponte a mistrial, as defense counsel requested no curative instructions, nor did he move for a mistrial. See *Hall v. State*, 180 Ga. App. 881, 883 (3) (350 SE2d 801) (1986):

> If the objection to the State's argument is *overruled*, defense counsel may then assert on appeal that the State's argument was improper for the reasons advanced at trial and that the trial court erred in failing "promptly to require the [State's counsel] to desist from such argument, this being in effect what counsel for the defendant had asked." [Cit.] If a mere objection is overruled and defense counsel makes no further request for any curative action, the only authorized argument on appeal would be that the failure to sustain the objection was erroneous. "In no case will the trial judge's ruling be reversed for not going *further* than requested." . . . [Cit.]

ery person who was killed by the fourteen-year-old, leaving a six-week-old child motherless and a deaf husband widowed, and to the attack on a New York female jogger by a group of teenagers, were highly prejudicial to appellant. *Conner v. State,* 251 Ga. 113 (303 SE2d 266) (1983), is relied upon by the majority in its holding that the argument was within the wide latitude traditionally given in closing argument. However, *Conner* is not authority for the introduction of prejudicial references to matters not in evidence. In fact, citing *Floyd v. State,* 143 Ga. 286, 289 (84 SE 971) (1915), the court noted that " '[w]hat the law condemns is the injection into the argument of extrinsic and prejudicial matters which have no basis in the evidence.' " 251 Ga. at 123. The references to the murder of the pizza delivery person and the attack on the New York female jogger are the type of extrinsic and prejudicial matters which are not within the wide latitude allowed in closing argument.

DECIDED NOVEMBER 16, 1990.

*Jonathan Goldberg,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carl P. Greenberg, Nancy A. Grace, Assistant District Attorneys, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.