A91A1456. WELDON v. THE STATE.
(413 SE2d 229)

POPE, Judge.

Defendant Ronnie Weldon was convicted of selling a controlled substance, cocaine, to an undercover officer and sentenced as a recidivist. He appeals, acting pro se. Although defendant's pro se enumerations and brief, filed as one document, attempts to set forth numerous alleged errors, we will address only those which, in our opinion, have arguable merit.

1. First, we have reviewed the evidence and hold that sufficient evidence of each and every element of the crime charged was presented so that a rational trier of fact could reasonably find defendant guilty beyond a reasonable doubt.

2. Contrary to defendant's argument, the trial court did not err in admitting evidence of two prior convictions for drug-related offenses. The evidence was admitted pursuant to a pre-trial hearing at which the State made the requisite showings of a proper purpose for admitting the evidence, that the defendant actually committed the independent acts and a sufficient similarity between the independent acts and the crime charged. See *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). The evidence in question consisted of a conviction in 1982 for the offense of selling marijuana to an undercover police officer and a guilty plea in 1985 to the charges of possessing marijuana

and cocaine. The sale of the marijuana to the undercover police officer occurred at the same location as the sale of cocaine in the current case. Even though the sale involved a different controlled substance, the similarity of the acts is self-evident. As to the possession offenses, "[a]lthough a possession offense may not be identical to a sale offense, this does not preclude the admission of evidence of the former in a trial for the latter, particularly where, as here, identity is in issue." *Wilson v. State,* 194 Ga. App. 261, 262 (2) (390 SE2d 609) (1990). That defendant committed the acts is established by the conviction and guilty plea. These independent acts were properly admitted for the purpose of establishing identity, motive, scheme, bent of mind and course of conduct. The State, in its presentation to the jury, presented "evidence establishing both that the accused committed an independent offense or act and that the connection and/or similarity between that offense or act and the crime charged is such that proof that the accused committed the former tends to prove that the accused also committed the later." *Williams,* supra at 642.

3. The trial court properly instructed the jury that the State bore the burden of proving defendant's guilt beyond a reasonable doubt. It did not err in instructing the jury that the State is not required to prove guilt "beyond all doubt or to a mathematical certainty." Cf. *Whitt v. State,* 257 Ga. 8 (3) (354 SE2d 116) (1987) (in which a charge that the State was not required to prove guilt beyond *all* reasonable doubt but only beyond *a* reasonable doubt was held to be error but not reversible error because the charge as a whole correctly informed the jury of the State's burden of proof). We have examined the entire charge to the jury and conclude that defendant's remaining enumerations of error concerning the charge are meritless.

4. We have reviewed the entire record in light of the issues raised in defendant's brief and enumerations of error and conclude that the remaining assertions of error are meritless.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 22, 1991.

Ronnie Weldon, *pro se.*
*Douglas C. Pullen, District Attorney, Edward C. Carter, Assistant District Attorney,* for appellee.