A91A1775. TUFF v. THE STATE.
(415 SE2d 702)

BIRDSONG, Presiding Judge.

John Junior Tuff appeals his conviction for violating the Georgia Controlled Substances Act by selling crack cocaine to an undercover police officer. Tuff contends the trial court erred by refusing to dis-

close the identity of a confidential informant. *Held*:

After the undercover police officer testified that a confidential informant called Tuff to the car in which the officer, another undercover officer, and a confidential informant were riding and arranged the purchase of the cocaine from Tuff, Tuff's counsel made the following motion: "We would like to be able to subpoena the confidential informant so as to better illustrate the truth of the matter. The State's case rests upon the testimony of this officer and one other. They tell us there was another party present who apparently can testify as to what happened and who was involved. My client tells me that he . . . has no knowledge of these events, so that puts three people that they are saying had knowledge of these events, the two cops and the confidential informant. And we would like to be able to cross-examine that individual to get to the truth of the matter." The trial court ruled that "under the circumstances and evidence presented before me at this time the law does not require the State to divulge the identity of the confidential informant. For that reason your motion is denied." No further motion to disclose the identity of the confidential informant was made.

There was no error. Tuff's motion was a general request for the identity of the informant without specifying the possible significance or need for the information which would be developed from the informant's testimony. In particular, the motion did not assert that the informant was the sole and essential witness available to amplify or contradict the testimony of the government's witnesses *and* the appellant. Thus, it appears the real basis of Tuff's motion was the hope that through cross-examination of the witness some information might be developed which might impeach the testimony of the undercover officers. The mere possibility of impeachment, however, is not a sufficient basis to require the disclosure of a confidential informant. *Connally v. State*, 237 Ga. 203, 208 (227 SE2d 352); *Moore v. State*, 187 Ga. App. 387, 390 (370 SE2d 511). Moreover, we note the trial court's denial of Tuff's motion was based upon the circumstances and evidence then before the court, and that Tuff neither presented additional evidence bearing on this issue nor renewed his motion. Accordingly, there was no error.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED FEBRUARY 11, 1992.

*W. Dennis Mullis*, for appellant.

*James L. Wiggins, District Attorney, Cheryl L. Alford, Assistant District Attorney*, for appellee.