## A92A0567. HUNTER v. THE STATE.
### (418 SE2d 402)

McMurray, Presiding Judge.

Following a jury trial, defendant was convicted of "possession of cocaine with intent to distribute" and of "obstruction of an officer." He was sentenced to serve concurrent terms of life, pursuant to OCGA § 16-13-30 (d), and 12 months, and he appealed. *Held*:

1. Viewing the evidence in favor of the State, we find the following: Responding to an anonymous telephone call, three police officers went to an apartment complex in Thomasville. They observed defendant and two other individuals standing near a bank of mailboxes.

Two of the officers were on foot; the other was in a marked police vehicle. When the police closed in, defendant and his companions ran. One of the officers identified himself as a policeman and ordered the trio to "freeze." Defendant's companions ran on and got away. Defendant continued to run "a little bit" but two of the officers were able to "run him down" and apprehend him.

One of the officers was accompanied by a drug dog. Sniffing the vicinity, the dog pointed to a small package of "tinfoil" under the mailboxes. The tinfoil contained a razor blade with cocaine residue. The dog also pointed to an area of the mailboxes which contained mailbox 109.

Defendant's "girl friend" lived in apartment 109. Defendant lived in the apartment with his girl friend. The officers had a warrant to search the apartment. Inside, the officers discovered defendant's wallet. It contained $356. The officers also found $150 in defendant's pants pocket.

The officers asked defendant's girl friend for the key to the mailbox. She replied that defendant had the key. Defendant denied that he had the key to the mailbox. The officers broke open the mailbox and discovered 18.5 grams of crack cocaine.

Defendant was advised of his constitutional rights and indicated that he understood his rights. He made a statement in which he admitted that he purchased the cocaine from another individual and placed it in the mailbox. At trial, defendant's girl friend testified that defendant had the key to the mailbox.

The evidence was sufficient to enable any rational trier of fact to find defendant guilty of possession of cocaine with intent to distribute, *Wright v. State*, 189 Ga. App. 441, 444 (2) (375 SE2d 895), and obstruction of an officer, *Tankersley v. State*, 155 Ga. App. 917, 919 (4) (273 SE2d 862), beyond a reasonable doubt.

2. The State introduced evidence showing that on three previous occasions defendant was in possession of crack cocaine and was charged with intent to distribute. The evidence demonstrated that on two such occasions defendant pleaded guilty to the charges and that

on the other occasion, he pleaded guilty to possession of cocaine.

Defendant contends the trial court erred in permitting the State to introduce the independent crimes because they were not similar to the charge on trial. In this connection, he points out that, in the case sub judice, the cocaine was discovered in a mailbox, and that, on the other occasions, the cocaine was discovered in other types of containers (e.g., a sunglass case). This contention is without merit.

The independent crimes were similar to the charge on trial — they all involved the possession of comparable amounts of crack cocaine. See *Weldon v. State*, 202 Ga. App. 51 (413 SE2d 229); *Banks v. State*, 201 Ga. App. 266, 267 (1) (410 SE2d 818). The other crimes are not dissimilar simply because the cocaine was not discovered in a mailbox.

The independent acts were properly introduced to establish identity and intent or bent of mind. *Weldon v. State*, 202 Ga. App. 51, supra. See *Hargrove v. State*, 202 Ga. App. 854 (415 SE2d 708). It cannot be said that the trial court's finding of similarity was "clearly erroneous." *Banks v. State*, 201 Ga. App. 266, 268, supra.

3. During the trial, one officer stated that the dispatcher received word that drugs were being sold at the apartment complex. Defendant interposed a hearsay objection and the assistant district attorney rephrased his question, emphasizing that the officer should not state what anybody said. Defendant let the matter rest. He did not seek a ruling or further action from the trial court.

When the second officer was asked why he went to the apartment complex, he simply replied that he went there in response to an anonymous telephone call. The officer did not relate the substance of the call and defendant's second hearsay objection was overruled.

Asked why he went to the apartment complex, the third officer replied that he went there because of "reported drug activity." At that point, defendant interposed a "hearsay" objection which was sustained.

Defendant contends the trial court erred in permitting the officers to state that they went to the apartment complex because they received a report that drugs were being sold there. In this connection, defendant contends the trial court should have sustained his "hearsay" objections. We find no error.

With regard to defendant's first and third "hearsay" objections, the trial court sustained defendant's position. Thus, we need only decide whether the trial court erred in overruling defendant's "hearsay" objection to the second officer's statement. In our view, the trial court did not err. The officer simply stated that he went to the apartment complex in response to an anonymous report. Inasmuch as the substance of the report was not related, there was no hearsay.

4. "Unless clearly erroneous, a trial court's findings as to factual

determinations and credibility relating to the admissibility of a confession will be upheld on appeal. *Crawford v. State*, 245 Ga. 89 (2) (263 SE2d 131) (1980); *Gates v. State*, 244 Ga. 587, 590-591 (261 SE2d 349) (1979) cert. den. 445 U. S. 938 (1980)." *Berry v. State*, 254 Ga. 101, 103 (1), 104 (326 SE2d 748). We have reviewed the transcript of the *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) hearing and the trial judge's *Jackson v. Denno* findings pertaining to the admissibility of defendant's statement and find no error. It cannot be said that defendant's statement was involuntary simply because an officer told defendant that if the cocaine was not his it must have been his girl friend's inasmuch as only defendant and his girl friend had access to the mailbox. *Copeland v. State*, 162 Ga. App. 398, 400 (291 SE2d 560) (officer's statement to defendant that his wife could be charged with theft by receiving was a "truism" and did not render confession inadmissible).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED APRIL 15, 1992.

*Arthur J. Shelfer, Jr.*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Mark E. Mitchell, Assistant District Attorneys*, for appellee.