S92A0379. HODGE v. THE STATE.
(416 SE2d 518)

BENHAM, Justice.

This appeal is from appellant's convictions of malice murder, carrying a pistol without a license, and carrying a concealed weapon. He was sentenced to life imprisonment for the murder and to consecutive 12-month sentences for the two misdemeanors.[1]

1. The evidence adduced at trial showed that appellant confronted the victim about a $10 drug debt the victim owed him and, although the victim begged for his life, shot him in the heart with an unlicensed pistol which appellant carried concealed in his pants.[2] That evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[1] The offenses were committed on April 29, 1990, and appellant was indicted for malice murder, felony murder, aggravated assault, carrying a pistol without a license, and carrying a concealed weapon on August 31, 1990. Trial began on January 7, 1991, and concluded on January 9, 1991, with a verdict of guilty on all counts. The sentences were pronounced on January 9, 1991, (the felony murder and aggravated assault counts were merged with the malice murder count for sentencing) and filed on January 10, 1991. Appellant's motion for new trial, filed January 29, 1991, was denied on July 1, 1991, and a notice of appeal was filed on July 22, 1991. The appeal was docketed in this court on December 31, 1991, and was argued on March 9, 1992.

[2] The weapon used was a .45 caliber pistol which was not recovered after the shooting.

2. In two enumerations of error, appellant complains that the trial court erred in denying a continuance and in allowing evidence of a similar transaction. Both enumerations of error are premised on a contention that discovery material and notice of intent to present similar transaction evidence were improperly served on defense counsel in that defense counsel did not personally take possession of the material and the notice ten days before trial. However, the record shows that the prosecuting attorney stated in her place, without refutation by the defense, that she hand-delivered the material to defense counsel's office more than ten days before trial. Defense counsel never denied that the material was delivered or that it was available to him, but merely stated that he did not personally receive the material a full ten days before trial. Neither OCGA § 17-7-211 nor USCR 31.3, the provisions on which appellant relies, provide for personal service on defense counsel, and appellant has not provided us with any other authority to that effect. Under the circumstances of this case, where the State showed without contradiction that the materials were delivered to defense counsel's office more than ten days before trial, and defense counsel did not assert at trial any actual prejudice to the preparation of the defense, the purposes of the statute and the rule have clearly been served. Accordingly, we find no abuse of discretion in the trial court's rejection of appellant's complaint regarding the timeliness of the service of discovery material and notice of intent to present similar transaction evidence.

3. Appellant's contention that the jury instruction on implied malice, which tracked the language of OCGA § 16-5-1 (b),[3] is burden-shifting is controlled adversely to him by *Mundy v. State*, 259 Ga. 634 (8) (385 SE2d 666) (1989).

4. Finally, appellant argues that the trial court's denial of his motion for complete recordation of the proceedings, including voir dire and argument of counsel, requires reversal of his convictions. However, the only two matters as to which appellant alleges harm, an allegedly prejudicial comment by the prosecuting attorney during voir dire and reference during closing argument to widely publicized murder cases, were matters which this court could have resolved on the existing record had they been the subject of enumerations of error. This court has held that under those circumstances, there is no harm shown to result from the denial of recordation and there is no reversible error. *Smith v. State*, 251 Ga. 229 (2) (304 SE2d 716) (1983). We find that to be true in this case as well.

*Judgment affirmed. All the Justices concur.*

---

[3] "Malice shall be implied where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart." OCGA § 16-5-1 (b).

DECIDED MAY 27, 1992.

*Travis T. Vance III,* for appellant.

*Lewis R. Slaton, District Attorney, Nancy A. Grace, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Mary H. Hines, Staff Attorney,* for appellee.