## A92A1664. BELL v. THE STATE.

(430 SE2d 124)

BIRDSONG, Presiding Judge.

Deric Bell appeals his conviction for trafficking in heroin. He contends the trial court erred by violating OCGA § 17-8-75 in denying his motion for a mistrial because of improper comments in the prosecutor's closing argument and also erred by denying his motion for mistrial after the prosecutor improperly commented upon Bell's failure to testify. Bell also contends the trial court erred by denying his motion for recording the entire trial proceedings and by refusing to place proper limits on the prosecution's cross-examination of a defense witness. *Held*:

1. Bell's enumeration of error concerning the complete recording of the full proceedings is without merit. *Hodge v. State*, 262 Ga. 242, 243 (416 SE2d 518); *Smith v. State*, 251 Ga. 229 (304 SE2d 716).

2. Bell contends that the trial court violated OCGA § 17-8-75 by overruling his motion for a mistrial after the prosecutor in closing argument called the jury's attention to certain notorious cases involving violent criminal acts, the ski-mask rapist case and the Red-Oak murder case, which he contended were irrelevant and unrelated to this prosecution for trafficking in heroin, and were not raised by the evidence. We find no error. In this state, the permissible scope of counsel's argument is very wide (*Conner v. State*, 251 Ga. 113, 122 (303 SE2d 266)), and the prosecutor's argument was within permissible bounds. *Cooper v. State*, 260 Ga. 549, 550 (397 SE2d 705).

3. We also find no merit to Bell's contention that the prosecutor improperly commented upon his silence when the prosecutor argued that the jury would have to decide whether the arresting officer or Bell was telling the truth. This argument was directed to a statement made by Bell at the time of his arrest, which was received in evidence, that he was not involved in drug trafficking. Under the circumstances there was no error.

4. We also find Bell's contention that the trial court erred in refusing to limit the scope of the cross-examination of a defense witness to be without merit. The witness, a former DEA agent, was offered by the defense as an expert in the illegal drug trade. Under the circumstances, the prosecutor was authorized to cross-examine the witness about other aspects of drug trafficking, including its associated violence. *Stone v. State*, 250 Ga. 718, 719 (300 SE2d 500).

*Judgment affirmed. Andrews, J., concurs. Beasley, J., concurs in Divisions 1 and 3 and the judgment.*

DECIDED MARCH 12, 1993 —
RECONSIDERATION DENIED MARCH 30, 1993

*Anna Blitz*, for appellant.
*Lewis R. Slaton, District Attorney, Nancy A. Grace, Assistant District Attorney*, for appellee.