S93G1112. BELL v. THE STATE.
(439 SE2d 480)

BENHAM, Justice.

Appellant Deric Bell was found guilty of trafficking in heroin and sentenced to life imprisonment. After reserving her objections to the trial court's instructions to the jury, defense counsel sought a mistrial on the ground that the prosecutor had injected prejudicial matters not in evidence by making reference to a drug-related, execution-style

triple murder and to a serial rapist in her closing argument. The Court of Appeals affirmed appellant's conviction (*Bell v. State*, 208 Ga. App. 201 (430 SE2d 124) (1993)), and we granted certiorari to consider whether the prosecutor's references in her closing argument to two well-known, unrelated criminal cases fell within the wide latitude afforded closing argument.

> Argument of counsel is a valuable privilege, and may not be unduly restricted. On the other hand, the court must not allow such latitude as will defeat the justice of the cause, such as introducing prejudicial matters not in evidence. The dignity of the court, and the public interest in having its courts properly conducted, are involved.

*Brooks v. State*, 183 Ga. 466, 468 (188 SE 711) (1936). The case at bar was based on a sale of 7.5 grams of uncut heroin that was observed by a surveillance team from the narcotics squad of the Atlanta Police Department. No physical violence or threat thereof was involved, though a defense expert admitted on cross-examination, over appellant's objection, that he was aware that drugs were a cause of shootings in Atlanta. In justifying her reference in closing argument to the triple murder, the prosecutor relied on the testimony about violence in the drug trade and asserted that this case was analogous to the triple murder since both involved young men selling drugs in Atlanta housing projects. The prosecutor explained her mention of the serial rapist as an attempt to illustrate the concept of similar transactions.

In recent years, the content of the prosecutor's closing argument has been the subject of several appeals, giving us the opportunity to examine the scope traditionally given attorneys in closing argument. At times, procedural problems have thwarted our ability to formulate an opinion that is not dictum. See, e.g., *Hodge v. State*, 262 Ga. 242 (416 SE2d 518) (1992) (where the prosecutor's reference in closing argument in a murder case to a widely-publicized murder was not enumerated as error), and *Cooper v. State*, 260 Ga. 549 (3) (397 SE2d 705) (1990) (where the prosecutor's reference in closing argument in a murder case to a well-known murder and to a notorious sexual assault was not the subject of a motion for mistrial or a request for curative instructions). We take this opportunity to reiterate that the wide range of discussion permitted in closing argument does have its limitations, the first and foremost of which is the longstanding prohibition against " 'the injection into the argument of extrinsic and prejudicial matters which have no basis in the evidence.' " *Conner v. State*, 251 Ga. 113 (6) (303 SE2d 266) (1983), quoting *Floyd v. State*, 143 Ga. 286, 289 (84 SE 971) (1915). Observance of this constraint is vital

to an accused's right to a fair trial.[1]

In the case at bar, there was no evidence of drug-related murder or serial rape, or evidence from which serial rape and murder would be a reasonable inference. Compare *Todd v. State*, 261 Ga. 766 (2) (a) (410 SE2d 725) (1991). By referring to such extraneous and prejudicially inflammatory material in her closing argument, the prosecutor exceeded the wide latitude of closing argument, to the detriment of the accused and to the detriment of the fair administration of justice. Inasmuch as the grant of a mistrial for improper argument should be liberally exercised where counsel abuses the right of argument by prejudicing the case of the opposite party (*Jordan v. State*, 247 Ga. 328 (11) (276 SE2d 224) (1981)), we reverse the Court of Appeals' affirmance of the trial court's denial of appellant's motion for mistrial.

*Judgment reversed. All the Justices concur, except Hunt, P. J., who dissents.*

Hunt, Presiding Justice, dissenting.

I respectfully dissent.

Nothing in the record, the Court of Appeals opinion, or the majority reveals what the prosecutor said in closing, or the context in which she said it. Her purpose in making the remarks objected to is unclear.[2] By reversing this conviction on the record before us, the majority places the burden of proof on the state to show that its argument was not unduly prejudicial or irrelevant. Also, implicitly, the majority places the burden of proof on the state to show that even if the argument was improper, that argument did not affect the outcome of the case. That is not the law, nor, in my opinion, should it be.

All that can be discerned from the record is that the prosecutor, in closing argument, made some reference to the "Red Oak murder," a drug-related murder in a housing project, and to a "ski mask rapist." With regard to the Red Oak murder, the prosecutor's stated justification for the reference was that an expert witness for the defense testified regarding violence in connection with drug trafficking, that the Red Oak murder was a drug-related murder in a City of Atlanta

---

[1] Adherence to the limitation on the latitude of oral argument is also integral to legal professionalism.

> [T]he habit of counsel in addressing the Jury, of commenting upon matters not proven and not growing out of the pleadings . . . [is] illegal and highly prejudicial to a fair and just administration of the rights of parties. . . . [I]t is the duty of counsel to guard, by the most scrupulous propriety of demeanor, in the conduct of a cause, the dignity and honor of the profession.

*Mitchum v. State*, 11 Ga. 615 (7) (1852).

[2] The reason there is no record of the remarks is that the trial court refused the defense request that final arguments be recorded. While this is a matter of discretion on the part of the trial court, I question whether that discretion was not abused under the circumstances of this case.

housing project, and that the drug trafficking here took place in a City of Atlanta housing project. Counsel is entitled to comment in closing on evidence properly admitted at trial. If the prosecutor's reference was legitimately connected to evidence admitted at trial, we can reverse the conviction because of that reference only if the evidence was improperly admitted. The majority does not state the evidence was improperly admitted, and accordingly, there is no authority for reversal on this ground. See *Alexander v. State*, 263 Ga. 474, 476 (2) (c) (435 SE2d 187) (1993).

With regard to the "ski mask rapist," the prosecutor justified her use of that reference to illustrate the meaning of and purpose for proof regarding similar transactions. It does not appear, and neither the majority nor the defense state, that the prosecutor argued or implied that drug trafficking, such as that which occurred in this case, leads to, or is similar to rape. The reference, insofar as we can reasonably speculate about what was said in light of the lack of a record, could not have been prejudicial in this context.

In my view, the reversal of this drug trafficking conviction is completely unwarranted.

DECIDED FEBRUARY 7, 1994.

*Anna Blitz*, for appellant.

*Lewis R. Slaton, District Attorney, Nancy A. Grace, Assistant District Attorney*, for appellee.