## A95A2615. HUNT v. THE STATE.
(466 SE2d 894)

SMITH, Judge.

Larry Hunt was convicted of selling cocaine. His motion for new trial was denied, and he appeals.

1. Hunt contends the State was erroneously permitted to make prejudicial closing remarks. He complains about the prosecutor's comment that Hunt was a drug dealer who caused people to become addicts: "Larry Hunt is not an addict. [He] is a drug dealer. He's the one that pushes the stuff on addicts. He's the one who makes the addicts, the addicts who when they take this stuff once and that's about all it takes." The prosecutor also commented regarding the effects of crack cocaine, stating that crack "is probably the most influential, detrimental aspect of our whole society. You take this you've got to have more. That's all there is to it. It's the only thing I've ever seen that is stronger than a mother's love for a child. A pregnant woman takes this knowing there is a good chance this will make her give birth to a deformed child, a blind child, a child without fingers or toes, a child who will never bond with its parents and is almost absolutely destined to grow up to be a psychopath."

Parties enjoy "considerable latitude" when making closing arguments. See, e.g., *Crowe v. State*, 265 Ga. 582, 592 (458 SE2d 799) (1995). The prosecutor in this case did not exceed the bounds of permissible argument. *Bell v. State*, 263 Ga. 776 (439 SE2d 480) (1994),

relied upon by Hunt, is distinguishable from this case. There, defendant was tried for trafficking in heroin. Id. at 776. Although no evidence existed that violence or threats of violence were involved in the transaction involving a sale of 7.5 grams of heroin in which defendant participated, the prosecutor during closing argument referred to a triple murder and a serial rapist. Id. at 776-777. Finding no evidence from which a reasonable inference of rape or murder could be drawn, the Georgia Supreme Court reversed this Court's affirmance of the trial court's denial of defendant's motion for new trial. Id. at 778. Here, the prosecutor's argument did not contain "extraneous and prejudicially inflammatory material." Id. The remarks referred to the potential effects of crack cocaine use. A prosecutor may argue that a jury "should convict so to stem a drug problem in the community. [Cit.]" *McKibbons v. State*, 216 Ga. App. 389, 393 (4) (455 SE2d 293) (1995). See also *Bowen v. State*, 203 Ga. App. 371, 374 (5) (417 SE2d 18) (1992). The prosecutor's comments were reasonable inferences drawn from the evidence and hence did not violate OCGA § 17-8-75; the trial court did not err in denying Hunt's motion for mistrial.

2. Hunt contends the trial court erroneously denied his motion that the State be required to identify eyewitnesses to the alleged drug transaction. At a pre-trial hearing, Pamela Brown, an undercover agent to whom the State alleged Hunt sold a quantity of cocaine, testified she rode with two individuals, both males, to Hunt's house on the evening of May 24, 1994. She characterized these individuals as confidential informants. She stated that both men knew Hunt and that one of them went to the door of the house, "asked Mr. Hunt if he was holding anything," and told Hunt "he had somebody that wanted to purchase something." According to Brown, the informant returned to the car and told her she could "go get what [she] wanted." Brown went to the door and completed a transaction with Hunt in which she bought $20 worth of cocaine.

Hunt contended in his motion that testimony from the individuals inside the car could exculpate him. He contended if he were guilty, "he would know who one of the eyewitnesses was . . . but being innocent, he must rely on the State to provide this information so that he [could] subpoena these witnesses. . . ." The record belies Hunt's contention on appeal that his defense "hinged on a case of mistaken identity." Hunt testified at trial and stated he was visiting his estranged wife at her house on the night of May 24, 1994. He did not, however, subpoena his wife to testify on his own behalf because he saw "no need to; nobody else subpoenaed her. It's common for a man to be with his wife."

We are mindful of the "balancing test" to be employed by the trial court in making a determination as to whether to compel disclosure of the state's confidential informants as set forth in *Moore v.*

*State*, 187 Ga. App. 387 (370 SE2d 511) (1988) and its progeny. Applying this test, we are satisfied, under the totality of the circumstances, that the trial court did not err in refusing to compel identification of the confidential informants either at the pre-trial hearing or at trial. Even though one of the informants interacted with the individual from whom Brown purchased the cocaine and arguably could be described as an "informer-participant," the individuals assisting Brown were not the only witnesses who were "in a position to amplify or contradict" the testimony of Brown or Hunt. See *Moore*, supra at 389. For example, Hunt's wife could have been subpoenaed to corroborate his alibi defense that he was visiting her when the drug transaction occurred. Hunt did not show that the informants were necessary or that either was "the sole and essential witness available to amplify or contradict the testimony of the government's witnesses *and* [Hunt]." (Emphasis in original.) *Tuff v. State*, 202 Ga. App. 772, 773 (415 SE2d 702) (1992). See also *Smith v. State*, 192 Ga. App. 144 (384 SE2d 677) (1989). The trial court did not err in refusing to compel the State to identify the confidential informants.

3. Hunt contends the trial court erroneously allowed the State to introduce evidence that he had pled guilty to a cocaine sale charge ten years prior to the transaction with which he was charged. The court conducted a hearing outside the jury's presence regarding the admissibility of the transaction. Hunt's attorney argued that the events were too remote and that the earlier transaction was not similar to the one for which he was on trial. We disagree.

A former GBI agent testified at trial that on September 28, 1984, while near a street corner, he was introduced by a confidential informant "to a person identified as Larry Hunt" and bought $50 worth of cocaine from that individual. A showing that the independent crime involved the sale "of comparable amounts of crack cocaine" is sufficient proof of similarity between the prior crime and the one for which the accused is being tried. *Hunter v. State*, 204 Ga. App. 25, 26 (418 SE2d 402) (1992). The quantity sold during the independent crime is comparable to that purchased by Officer Brown and thus is sufficiently similar to that at issue in this case.

The agent, when asked whether he could make an in-court identification, stated he would "be hard pressed to say yes." However, the agent's failure to positively identify Hunt was not crucial. The identity of the perpetrator of the prior crime was established by the prior plea of guilty. Hunt did not deny during his testimony that he was the Larry Hunt who entered a guilty plea to the prior indictment for sale of cocaine, nor did he contend that the Larry Hunt who pleaded guilty to the prior crime was a different Larry Hunt than the one on

trial.[1] "Identity of name presumptively imports identity of person, in the absence of any evidence to the contrary. [Cit.] No question of identity was raised in the trial court, and it is too late to raise the question here." *Mitchell v. State*, 134 Ga. App. 376, 379 (214 SE2d 593) (1975). See also *Banks v. State*, 201 Ga. App. 266, 269 (1) (410 SE2d 818) (1991). Consequently, it was not error to admit this evidence of a prior similar transaction.

4. Hunt maintains that because a fatal variance existed regarding the address of the location where the drugs were allegedly sold between the indictment and the proof at trial, the court should have granted his motion for directed verdict. With the exception of the location of the county in which the alleged crime occurred, however, the specific location was not an element of the crime charged against Hunt, and the location charged in the indictment was mere surplusage. See *Stacey v. State*, 214 Ga. App. 130, 131 (447 SE2d 339) (1994); *Chavous v. State*, 205 Ga. App. 455, 456 (1) (422 SE2d 327) (1992). The trial court did not err in denying Hunt's motion for directed verdict.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 13, 1995 —
RECONSIDERATION DENIED JANUARY 2, 1996 —

*James N. Finkelstein*, for appellant.
*Britt R. Priddy, District Attorney*, for appellee.

---

[1] The only statement in this regard was made by counsel for Hunt, that he "just want[ed] some way of verifying that this is the right Larry Hunt." He did not object to the admission of the similar transaction evidence on the issue of identity of the perpetrator.