## A98A1922. GIDDEN v. THE STATE.
### (506 SE2d 448)

BLACKBURN, Judge.

John Wesley Gidden was convicted by a jury of rape, aggravated sodomy, and aggravated sexual battery. Following the denial of his motion for new trial, Gidden appeals, contending that the trial court erred in denying his motion to suppress his custodial statement in violation of OCGA § 24-3-50.[1] Because Gidden's statement was voluntarily given, we affirm the trial court's denial of his motion to suppress.

"When reviewing a ruling on a suppression motion, the evidence must be construed most favorably toward the trial court's findings and judgment unless they are clearly erroneous." *Anderson v. State*, 224 Ga. App. 608, 610 (1) (481 SE2d 595) (1997). "Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal." (Punctuation omitted.) *Hunter v. State*, 204 Ga. App. 25, 26-27 (418 SE2d 402) (1992).

Gidden contends that his statement was not voluntary because the detective who took it led him to believe that if he gave a statement he would be allowed to leave, but that if he did not give a statement he would be taken to jail.[2] During the *Jackson v. Denno* hearing, Detective Broehl testified that he arrested Gidden at home, impounded his car pursuant to a warrant, and took him to the station. At the station, Detective Broehl determined that Gidden could read and understand the English language. He then read the *Miranda* warnings form to Gidden. Gidden signed the waiver of rights form and indicated that he would make a statement. Detective Broehl testified that he told Gidden: "[I]f you don't want to make a statement that's up to you. That's certainly your right, and at which time you will be turned over to the Sheriff. You will be taken out to the jail for process. It is a standard procedure on an arrest." Detective Broehl testified that he made it clear that whether or not Gidden made a statement he was going to go to jail. Gidden testified that he "felt that was conditions on the statement. Either [he] made a statement at that time or either [he] would go down to the Cobb County Jail at that time. That was a choice." He further testified that he thought that "if [he] made a statement at that time [he] would just walk out on [his] own recognizance. It would be over with until

---

[1] OCGA § 24-3-50 provides: "To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury."

[2] On appeal Gidden also contends that he made the statement because he had been led to believe he would receive bond in return. However, his testimony makes it clear that any discussion regarding bond did not take place until after his statement was given.

maybe a further date."

Based upon the foregoing facts, the trial court's determination that Gidden's statement was voluntary is not clearly erroneous. Detective Broehl's statements were mere truisms "or recounting of facts rather than a threat of injury or promise of benefit within the meaning of OCGA § 24-3-50." *Anderson*, supra at 610 (1). See also *Hunter*, supra at 27.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 8, 1998.

*Richard O. Allen*, for appellant.

*Benjamin F. Smith, Jr., District Attorney, Debra H. Bernes, Nancy I. Jordan, Joel C. Pugh, Assistant District Attorneys*, for appellee.