## S10A0603. LEWIS v. THE STATE.

(695 SE2d 224)

HUNSTEIN, Chief Justice.

Appellant Aubrey Lewis appeals his conviction of murder and related charges in connection with the shooting death of Patrick Cousins on December 4, 1996. Finding no error, we affirm.[1]

---

[1] Appellant was indicted on May 22, 1997 by a Cobb County grand jury for malice murder, felony murder, two counts of attempted armed robbery, four counts of aggravated assault, possession of a firearm by a convicted felon, and theft by receiving stolen property. Tried before a jury November 10-18, 1997 and convicted on all counts, appellant was sentenced to life imprisonment for the malice murder; ten years for each of the attempted armed robbery counts, concurrent to the life sentence; 20 years for each of the aggravated assault counts, consecutive to the life sentence and to each other; five years consecutive for the possession of a firearm count; and ten years concurrent for the theft by receiving count. The felony murder conviction was vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d

1. Construed in the light most favorable to the verdict, the evidence adduced at trial established as follows. On December 4, 1996, appellant, a convicted felon, and two accomplices, Gilbert Darby and David Upshaw, drove to a Cobb County apartment complex intending to commit an armed robbery. Upon spotting a group of three potential targets, appellant, armed with a .40 caliber pistol, and Darby, armed with a 9-millimeter gun, exited the car and beckoned the group to "come here." One of the victims fled; appellant and Darby commanded the other two to "lay it down" — a demand for money in street slang — and began shooting, but all three victims escaped. Driving through the parking lot at the time was a van occupied by sixteen-year-old Cousins and two other teenage boys. As appellant and Darby retreated to Upshaw's car, appellant opened fire on the van, killing Cousins. On December 7, 1996, appellant and Darby robbed at gunpoint two other victims as they were exiting another Marietta apartment complex, stealing crack cocaine and at least $3,500 in cash.

A few weeks prior to these crimes, several items, including a .40 caliber Berretta pistol, were stolen from the home of Hapeville police officer James Buhs, who lived in the same apartment complex as appellant. On December 8, one day after the armed robbery, appellant and Darby were arrested at a Clayton County store for carrying a concealed handgun. This gun was later identified as the Berretta pistol stolen from Officer Buhs and was also determined by a State firearms examiner to have been the murder weapon.

At trial, Tedric Lindley, one of the three intended armed robbery victims from the December 4 incident, identified appellant and Darby as his two assailants. Upshaw testified for the State under a plea deal and corroborated various details of both the December 4 and December 7 incidents. Darby, too, testified for the State and also corroborated the events of December 4 and 7, testifying specifically that appellant had gotten the Berretta pistol from someone in his apartment complex and that it was appellant who had shot and killed Cousins.

The evidence as set forth above was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

479) (1993). Appellant filed a timely motion for new trial, which was subsequently amended after appointment of new appellate counsel. Following proceedings to compel completion of the trial transcript, the trial court denied the motion for new trial on July 31, 2009. Appellant filed his notice of appeal on August 28, 2009. The appeal was docketed in this Court on January 5, 2010 and was submitted for decision on the briefs on February 15, 2010.

2. The trial court did not err by denying appellant's motion for mistrial with respect to a nonresponsive answer by Upshaw when he was asked on direct examination whether he had had a conversation with appellant about the .40 caliber pistol in appellant's possession on the day of the shooting. Appellant contends that Upshaw's response that "I asked him what was up and he had not long . . . got shot by somebody" impermissibly put appellant's character in evidence. Pretermitting whether the mere fact of having been previously shot constitutes negative character evidence in the first instance, "'(a) nonresponsive answer that impacts negatively on a defendant's character does not improperly place (his) character in issue.' [Cit.]" *Walker v. State*, 282 Ga. 703, 705 (2) (653 SE2d 468) (2007). Moreover, given that appellant declined the court's offer to give a curative instruction with regard to the statement, appellant cannot now complain about its refusal to declare a mistrial. *Pickren v. State*, 272 Ga. 421 (9) (530 SE2d 464) (2000).

3. Similarly, the trial court did not err by denying appellant's motion for mistrial prompted by the prosecutor's questioning Upshaw as to whether he had spoken with appellant on the previous day. Appellant claims that because the jury was aware that Upshaw was in custody, the question suggested that appellant too was in custody, thereby impermissibly placing his character in evidence. However, the possibility that appellant had spoken with Upshaw did not necessarily imply that appellant too was in custody. Even if it did, a passing reference to a defendant's incarceration does not place his character in evidence. *Isaac v. State*, 269 Ga. 875 (5) (505 SE2d 480) (1998).

4. Appellant next contends that the trial court erred by refusing to declare a mistrial after the prosecutor stated in his place in the presence of the jury, in the course of making an objection during the defense's closing argument, that the State had never furnished Upshaw's custodial statement to Darby. The prosecutor's objection and statement were made following defense counsel's remark during closing that "[the prosecution] gave Gilbert Darby Mr. Upshaw's entire statement here. Practice your lines." Following a short colloquy debating the meaning of Darby's testimony on this point, the trial court advised counsel to "move on, and the jury will remember the evidence that came out at trial." At the conclusion of its closing argument, the defense moved for a mistrial based on the prosecutor's statement, contending that it put the prosecutor in the position of a witness contradicting Darby's testimony.

Though we agree as a general matter that the prosecution is prohibited from injecting extrinsic and prejudicial matters into its closing argument, see *Bell v. State*, 263 Ga. 776 (439 SE2d 480) (1994), the statement at issue does not fall within this classification.

Rather, it was a statement made in the course of an objection to the defense's closing argument suggesting that the State had improperly coached one of its most important witnesses. The trial court properly noted at the time the statement was made that the jury should consider the evidence adduced on this point; the court had also previously instructed the jury that statements of counsel do not constitute evidence. "'Qualified jurors under oath are presumed to follow the instructions of the trial court.' [Cit.]" *Holmes v. State*, 273 Ga. 644, 648 (5) (c) (543 SE2d 688) (2001). Under these circumstances, the trial court did not abuse its discretion in refusing to grant a mistrial. See generally *Ward v. State*, 252 Ga. 85 (2) (311 SE2d 449) (1984).

5. Likewise, the trial court did not abuse its discretion in refusing to declare a mistrial as the result of the prosecutor's reference during closing argument to another recent case, in an effort to illustrate the concept of implied malice. "[C]ounsel may make use of well-established historical facts in his argument and make full use of illustrations as long as he does not introduce 'extrinsic and prejudicial matters' which have no basis in the evidence." (Citation omitted.) *Robinson v. State*, 257 Ga. 194, 196 (4) (357 SE2d 74) (1987). Accordingly, "[w]e find that the court was correct in denying the motion for mistrial and in giving no curative instructions since the prosecutor did not go beyond the bounds of the wide latitude allowed in closing arguments." Id.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 2010.

*David J. Koontz*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney, Thurbert E. Baker, Attorney General, Elizabeth A. Harris, Assistant Attorney General*, for appellee.