## 76582. WHITE v. THE STATE.
### (370 SE2d 50)

DEEN, Presiding Judge.

The appellant, Benny White, was convicted of burglary. On appeal, he contends that the trial court erred in denying his motion for a continuance and his motion to suppress both the pre-trial and in-court identification evidence. *Held*:

1. White moved for a continuance at the beginning of the trial, on the ground that a key defense witness, who would corroborate his alibi defense, was not present. This witness had been subpoenaed, but at the time of trial she was hospitalized in the psychiatric ward of Grady Hospital. The trial court did order the sheriff to pick up this witness at the hospital, unless she was medically unable to testify,

which turned out to be the case.

Concerning applications for continuances based on the absence of a witness, OCGA § 17-8-25 requires, among other things, a showing "that the applicant expects he will be able to procure the testimony of the witness at the next term of the court . . ." As noted by the state in objecting to the motion, and as found by the trial court, White did not even attempt to show that this witness would be able to testify by the next term of the court; accordingly, denial of the motion was not an abuse of discretion. Cf. *Frost v. State*, 91 Ga. App. 618 (86 SE2d 646) (1955).

2. In this case, the victim arrived home in the afternoon and discovered White backing out of his driveway; White's car was filled with various appliances from the victim's home. The victim held White in check with his pistol for a few minutes and called the police; White, however, fled on foot before the police arrived. A few days later, the police showed the victim a photo line-up, and the victim picked out White's photo in approximately five seconds. At trial he also positively identified White as the burglar he stopped.

White contends that the photo line-up was impermissibly suggestive, thus tainting both the photo and the in-court identifications, because (1) there was a discrepancy between the testimony of the victim and the police officer as to whether the victim was standing or sitting at the time of the photo line-up; (2) White's photo was in the front and center position in the photo array; and (3) the victim assumed that the photo array contained the photograph of a suspect. We find that these circumstances, either singly or in combination, did not render the photo line-up impermissibly suggestive.

*Judgment affirmed. Carley and Sognier, JJ., concur specially.*

CARLEY, Judge, concurring specially.

I agree fully with Division 1 of the majority opinion. With regard to Division 2, the majority opinion deals only with the issue of whether the photo line-up was impermissibly suggestive. However, the actual enumeration of error in this case is that the trial court's denial of the motion to suppress in-court identification and in allowing the pre-trial identification in evidence at trial violated appellant's constitutional due process rights under *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972). It is true that under the holding of *Neil v. Biggers*, supra, a determination that the pre-trial identification is not impermissibly suggestive ends the inquiry. *Killens v. State*, 184 Ga. App. 717, 720 (362 SE2d 425) (1987). However, even if the pre-trial procedures in this case were impermissibly suggestive, the trial court would not have erred in denying the motion to suppress unless, as a result of such procedures, there was *also* a substantial likelihood of irreparable misidentification. *Goswick v. State*,

150 Ga. App. 279, 281-282 (257 SE2d 303) (1979). "The factors to be considered in determining whether there was a substantial likelihood of irreparable misidentification are: '(1) opportunity to view the defendant at the time of the offense . . .; (2) the witness' degree of attention . . .; (3) the accuracy of the witness' prior description . . .; (4) level of certainty demonstrated . . .; (5) the length of time between the crime and the identification. . . .' [Cit.] Applying these factors in the case sub judice, there was no substantial likelihood of irreparable pre-trial misidentification of [appellant] by the [victim], even assuming that the procedures may have been suggestive. . . . Accordingly, the trial court did not err in allowing the [victim's] pre-trial identification of [appellant] into evidence." *Pack v. State*, 182 Ga. App. 618 (356 SE2d 557) (1987). See also *Robinson v. State*, 180 Ga. App. 248 (348 SE2d 761) (1986); *Curtis v. State*, 183 Ga. App. 6 (357 SE2d 849) (1987).

I believe the trial court did not err in denying the motion to suppress.

I am authorized to state that Judge Sognier joins in this special concurrence.

DECIDED MAY 31, 1988.

*Alan C. Manheim*, for appellant.
*Thomas J. Charron, District Attorney, Nancy I. Jordan, Debra H. Bernes, Assistant District Attorneys*, for appellee.